# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 16** |

## INTERIM ORDER (I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES, (II) ESTABLISHING A RECORD DATE FOR NOTICE AND SELL-DOWN PROCEDURES FOR TRADING IN CLAIMS AGAINST THE DEBTORS' ESTATES AND (III) SCHEDULING A FINAL HEARING

The Court has considered the motion of the Debtors for interim and final orders (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and (II) Establishing a Record Date for Notice and Sell-Down Procedures for Trading in Claims Against the Debtors' Estates (the "Motion"). The Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Equity Transfer Procedures set forth herein are approved in all respects, on an interim basis.

3. Any purchase, sale, trade or other transfer of Equity Securities (including options to acquire stock) of American Apparel, Inc. ("American Apparel") in violation of the Equity Transfer Procedures set forth herein (including the notice requirements set forth in paragraph 4 below) shall be null and void ab initio and shall confer no rights on the transferee.

4. The following notice and objection procedures for holding and transferring Equity Securities ("Equity Transfer Procedures") shall apply in the Debtors' chapter 11 cases:

> i. Certain Defined Terms. For purposes of this interim order: (A) a "Substantial Equityholder" is any person or entity that beneficially owns at least 8,200,000 shares of common stock (representing approximately 4.5% of the approximately 182.5 million issued and outstanding shares of common stock) of American Apparel, Inc.; (B) "beneficial ownership" of Equity Securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986 (as amended, the "IRC") and regulations promulgated thereunder and shall include (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock; (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, exchangeable shares, put, stock subject to risk of

forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable; and (D) a "Transfer" means any transfer of Equity Securities to the extent described in paragraph 4(iii) below (Stock Acquisition Notice) and/or paragraph 4(iv) below (Stock Disposition Notice).

ii. Notice of Substantial Equityholder Status. Any person or entity who currently is or becomes a Substantial Equityholder shall (a) file with the Court and (b) serve upon (i) the Debtors, c/o American Apparel, Inc., 747 Warehouse Street, Los Angeles, California, 90021 (Attn: Lance Miller), (ii) Jones Day, 555 S. Flower St., 50th Fl., Los Angeles, CA 90071 (Attn: Richard L. Wynne, Esq. and Erin Brady, Esq.), Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Gerard Uzzi, Esq. and Bradley Scott Friedman, Esq.) as counsel to the Committee of Lead Lenders, a notice of such status, in the form attached hereto as Exhibit 2 (a "Notice of Substantial Equityholder Status"), on or before the later of (A) 14 days after entry of the interim order or (B) 14 days after becoming a Substantial Equityholder.

iii. Stock Acquisition Notice. At least 28 days prior to any transfer of Equity Securities (including any transfer of options to acquire stock or any exercise thereof) that would result in an increase in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall (a) file with the Court and (b) serve on the Debtors and counsel to the Debtors and counsel to the Committee of Lead Lenders (at the addresses set forth in paragraph 4(ii) above), advance written notice of the intended transfer of Equity Securities, in the form attached hereto as Exhibit 3 (a "Stock Acquisition Notice").

iv. Stock Disposition Notice. At least 28 days prior to any transfer of Equity Securities (including options to acquire stock) that would result in a decrease in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall (a) file with the Court and (b) serve on the Debtors and counsel to the Debtors and counsel to the Committee of Lead Lenders (at the addresses set forth in paragraph 4(ii) above), advance written notice of the intended transfer of Equity Securities, in the form attached hereto as Exhibit 4 (a "Stock Disposition Notice").

v. Objection Procedures. The Debtors and the Requisite Supporting Parties shall have 21 days after receipt of a Stock Acquisition

Notice or a Stock Disposition Notice (each, a "Transfer Notice") to file with the Court and serve on the party filing the Transfer Notice an objection to the proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their NOLs. If the Debtors file an objection, the proposed Transfer will not be effective unless and until approved by a final and nonappealable order of this Court. If the Debtors do not object within such 21-day period, the Transfer may proceed solely as set forth in the Transfer Notice. Further Transfers within the scope of this paragraph must comply with the Equity Transfer Procedures set forth in this paragraph 4.

    vi. <u>Unauthorized Transfers of Equity Securities</u>. Effective as of the Petition Date and until further order of this Court to the contrary, any acquisition or disposition of Equity Securities (including options to acquire stock) in violation of the Equity Transfer Procedures shall be null and void <u>ab</u> <u>initio</u> as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

5. Within five (5) business days after the entry of this interim order, or as soon thereafter as practicable, the Debtors shall provide notice in substantially the form attached hereto as <u>Exhibit 1</u> (the "<u>Equity Transfer Procedures Notice</u>") to: (a) the Office of the United States Trustee for the District of Delaware; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates; (c) counsel to Standard General L.P. and its affiliates; (d) counsel to U.S. Bank, N.A., in its capacity as the trustee under the indenture governing the Debtors' secured notes; (e) Milbank, Tweed, Hadley & McCloy LLP, as counsel to the Consenting Creditors; (f) counsel to Wilmington Trust, National Association, as agent to the DIP and as administrative agent for the Debtors' DIP Facility; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; and (i) any registered holders of the outstanding Equity Securities. The Debtors are authorized, but not directed, to provide the Equity Transfer Procedures Notice to registered holders of the Equity Securities, including any Nominees (as defined below) by email to the extent email addresses for such Nominees are available.

DOCS_DE:202213.3 03636/001

6. Upon receipt of such Equity Transfer Procedures Notice, any broker, bank, dealer or other agent or nominee of a beneficial holder (each a "Nominee") of Equity Securities (including options (as defined in paragraph 4(i) above)) will be required, within five (5) business days of receipt of such notice, or as soon thereafter as practicable, and on at least a quarterly basis thereafter, to send the Equity Transfer Procedures Notice to all beneficial holders of Equity Securities on whose behalf such Nominee holds Equity Securities. To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the Equity Transfer Procedures Notice to any holder for whose account such holder holds Equity Securities, and so on down the chain of ownership. Additionally, any person, entity, broker or agent acting on behalf of any holder who sells at least 8,200,000 shares of common stock (representing approximately 4.5% of the approximately 182.2 million issued and outstanding shares) of American Apparel, Inc. to another person or entity must provide a copy of the Equity Transfer Procedures Notice to such purchaser or any broker or agent acting on such purchaser's behalf.

7. Claimholders and potential purchasers of Claims against the Debtors are hereby deemed notified that, if the Debtors ultimately seek and the Court approves a Sell-Down Order, claimholders that acquire Claims after the date of this interim order (the "Record Date") in an amount that would entitle them to receive more than 4.5% of the stock of the Debtors may be subject to a required sell-down of any Claims acquired after the Record Date in accordance with the Sell-Down Procedures.

8. Within five (5) business days after the entry of this interim order, or as soon thereafter as practicable, the Debtors shall provide notice in substantially the form attached hereto as Exhibit 5 (the "Record Date Notice") to: (a) the Office of the United States Trustee for the District of Delaware; (b) those creditors holding the 30 largest unsecured claims against the

Debtors' estates; (c) counsel to Standard General L.P. and its affiliates; (d) counsel to U.S. Bank, N.A., in its capacity as the trustee under the indenture governing the Debtors' secured notes; (e) Milbank, Tweed, Hadley & McCloy LLP, as counsel to the Consenting Creditors; (f) counsel to Wilmington Trust, National Association, as agent to the DIP and as administrative agent for the Debtors' DIP Facility; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; and (i) any registered holders of the Debtors' secured and unsecured notes. The Debtors are authorized, but not directed, to provide the Record Date Notice to registered holders of secured and unsecured notes, including any Nominees, by email to the extent email addresses for such registered holders are available.

9. Upon receipt of the Record Date Notice, any Nominee will be required, within five (5) business days of receipt of the Record Date Notice, or as soon thereafter as practicable, and on at least a quarterly basis thereafter, to send such Record Date Notice to all beneficial holders of the Senior Notes. To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the Record Date Notice to any holder for whose account such beneficial holder holds the Senior Notes, and so on down the chain of ownership.

10. Within five (5) business days after the entry of the interim order, or as soon thereafter as practicable, the Debtors will publish notice in <u>USA Today</u> of the entry of the interim order substantially in the form attached hereto as <u>Exhibit 6</u>.

11. Entry of this interim order shall in no way be deemed a determination of any kind that entry of a Sell-Down Order is necessary or warranted in these cases and this Court's review of any request for the entry of a Sell-Down Order shall be without regard to entry of this interim order.

12. The entry of this interim order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Order, on any grounds, and all parties' rights are expressly preserved hereby.

13. The notices substantially in the form attached hereto as <u>Exhibit 1</u>, <u>Exhibit 2</u>, <u>Exhibit 3</u>, <u>Exhibit 4</u>, <u>Exhibit 5</u> and <u>Exhibit 6</u> are approved.

14. Any of the Debtors may waive in writing, any and all restrictions, stays and notice procedures contained in this interim order.

15. The Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on __11/2__, 2015 at _10:0_ a.m. (EST). *The objection deadline will be 10/26/2015 at 4:00 p.m.*

16. If no objections to the Motion are timely filed, served and received in accordance with the Motion and this interim order, the interim order shall be deemed a final order upon expiration of the Objection Deadline without further notice or hearing, and the Motion shall be granted on a final and permanent basis.

17. If objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of the final order attached to the Motion as <u>Exhibit B</u>.

18. The requirements set forth in this interim order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable law, and do not excuse compliance therewith.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

20. This Order shall be immediately effective and enforceable upon its entry.

21.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this interim order in accordance with the Motion.

22.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to this interim order.

23.  Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim is a claim for payments authorized pursuant to the Motion.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendon L. Shannon
United States Bankruptcy Judge

DOCS_DE:202213.3 03636/001