## EXHIBIT 1 TO INTERIM ORDER

Equity Transfer Procedures Notice

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF (I) EQUITY TRANSFER PROCEDURES AND (II) A FINAL HEARING

**TO ALL PERSONS OR ENTITIES WITH
EQUITY INTERESTS IN AMERICAN APPAREL, INC.:**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On October 5, 2015 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. You are receiving this notice because you have been identified as a potential equity holder in American Apparel, Inc. No bar date for filing proofs of interest has been established in the Debtors' bankruptcy cases. For additional information regarding the Debtors' chapter 11 cases, please go to http://www.gardencitygroup.com/cases/AAI.

2. On the Petition Date, the Debtors filed the Motion For Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures for Transfers of Equity

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

Securities and (II) Establishing a Record Date for Notice and Sell-Down Procedures for Trading in Claims Against the Debtors' Estates (the "Motion").

3. On **October** __, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an interim order (the "Interim Order"), approving the procedures set forth below with respect to transfers of equity securities in American Apparel, Inc. (the "Equity Transfer Procedures") and setting the Record Date with respect to trading in claims against the Debtors, in order to assist the Debtors in preserving their net operating losses ("NOLs"). **Any purchase, sale, trade or other transfer of equity securities (including options to acquire stock) in Debtor American Apparel, Inc., in violation of the procedures set forth below shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code, and shall confer no rights on the transferee.**

4. A final hearing to consider the relief requested in the Motion and the entry of an order (the "Final Order") implementing the Equity Transfer Procedures on a final and permanent basis shall be held on _____, 2015 at __:__ .m (ET), before the Honorable _____ at _____.

5. Objections to the Motion must be filed with the Court and served so as to be received by 4 p.m. (ET) on [_____], 2015, on (a) the office of the United States Trustee for the District of Delaware and (b) (i) the Debtors, c/o American Apparel, Inc., 747 Warehouse Street, Los Angeles, California, 90021 (Attn: Lance Miller), and (ii) Jones Day, 555 S, Flower St., 50th Fl., Los Angeles, CA 90071 (Attn: Richard L. Wynne, Esq. and Erin Brady, Esq.).

6. If no objections to the Motion are timely filed, served and received in accordance with the Interim Order, the Interim Order shall be deemed a Final Order without further notice or hearing, and the Motion shall be granted on a final and permanent basis.

DOCS_DE:202213.3 03636/001

7. Pursuant to the Interim Order, the following Equity Transfer Procedures shall apply to holding and transferring beneficial interests in equity securities in American Apparel, Inc.:

    i. <u>Certain Defined Terms</u>. For purposes of the Interim Order and this Notice: (A) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least 8,200,000 shares of common stock (representing approximately 4.5% of the approximately 182.5 million issued and outstanding shares of common stock) of American Apparel, Inc. ("<u>Equity Securities</u>"); (B) "<u>beneficial ownership</u>" of Equity Securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986 (as amended, the "<u>IRC</u>") and regulations promulgated thereunder and shall include (i) direct and indirect ownership (<u>e.g.</u>, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock; (C) an "<u>option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, exchangeable shares, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include any rights or obligations arising in connection with the Plan Support Agreement; and (D) a "<u>Transfer</u>" means any transfer of Equity Securities to the extent described in paragraph 7(iii) below (Stock Acquisition Notice) and/or paragraph 7(iv) below (Stock Disposition Notice).

    ii. <u>Notice of Substantial Equityholder Status</u>. Any person or entity who currently is or becomes a Substantial Equityholder shall (a) file with the Court and (b) serve upon (i) the Debtors, c/o American Apparel, Inc., 747 Warehouse Street, Los Angeles, California, 90021 (Attn: Lance Miller), (ii) Jones Day, 555 S. Flower St., 50th Fl., Los Angeles, CA 90071 (Attn: Richard L. Wynne, Esq. and Erin Brady, Esq.), and (iii) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Gerard Uzzi, Esq. and Bradley Scott Friedman, Esq.) as counsel to the Committee of Lead Lenders, a notice of such status, in the form attached hereto as <u>Exhibit 2</u> (a "<u>Notice of Substantial Equityholder Status</u>"), on or before the later of (A) 14 days after entry of the Interim Order or (B) 14 days after becoming a Substantial Equityholder.

-3-

iii. Stock Acquisition Notice. At least 28 days prior to any transfer of Equity Securities (including any transfer of options to acquire stock or any exercise thereof) that would result in an increase in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall (a) file with the Court and (b) serve on the Debtors and counsel to the Debtors and counsel to the Committee of Lead Lenders (at the addresses set forth in paragraph 7(ii) above), advance written notice of the intended transfer of Equity Securities, in the form attached hereto as Exhibit 3 (a "Stock Acquisition Notice").

iv. Stock Disposition Notice. At least 28 days prior to any transfer of Equity Securities (including options to acquire stock) that would result in a decrease in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall file with the Court and serve on the Debtors and counsel to the Debtors and counsel to the Committee of Lead Lenders (at the addresses set forth in paragraph 7(ii) above), advance written notice of the intended transfer of Equity Securities in the form attached hereto as Exhibit 4 (a "Stock Disposition Notice").

v. Objection Procedures. The Debtors and the Requisite Supporting Parties shall have 21 days after receipt of a Stock Acquisition Notice or a Stock Disposition Notice (each, a "Transfer Notice") to file with the Court and serve on the party filing the Transfer Notice an objection to the proposed Transfer on the grounds that such Transfer may adversely affect the Debtors' ability to utilize their NOLs. If the Debtors file an objection, the proposed Transfer will not be effective unless and until approved by a final and nonappealable order of this Court. If the Debtors do not object within such 21-day period, the Transfer may proceed solely as set forth in the Transfer Notice. Further Transfers within the scope of this paragraph must comply with the Equity Transfer Procedures set forth in this paragraph 7.

vi. Unauthorized Transfers of Equity Securities. Effective as of the Petition Date and until further order of this Court to the contrary, any acquisition or disposition of Equity Securities (including options to acquire stock) in violation of the Equity Transfer Procedures shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE AND IN THE INTERIM ORDER SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE. ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF EQUITY SECURITIES (INCLUDING OPTIONS TO ACQUIRE STOCK) IN AMERICAN APPAREL, INC., IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID <u>AB INITIO</u> AND MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE BANKRUPTCY COURT.**

8. Any of the Debtors, with the consent of the Requisite Supporting Parties, may waive in writing, any and all restrictions, stays and notice procedures contained in the Interim Order.

9. Complete copies of the Motion and the Interim Order are available via PACER via the Court's website at https://ecf.deb.uscourts.gov for a fee, or through the Debtors' Notice, Claims and Solicitation Agent, Garden City Group, by accessing their website at http://www.gardencitygroup.com/cases/AAI or by calling (877) 940-7795. If a hearing is held and a Final Order is entered, such Final Order will also be available as described in the preceding sentence.

10. The requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable law, and do not excuse compliance therewith.

Dated: October 5, 2015

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302-652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com

and

JONES DAY
Richard L. Wynne (CA Bar No. 149504)
Erin N. Brady (CA Bar No. 215038)
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Email: rlwynne@jonesday.com
enbrady@jonesday.com

and

Scott J. Greenberg (NY Bar No. SG-2881)
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com

Proposed Co-Counsel for the Debtors and Debtors in Possession