# EXHIBIT 2 TO INTERIM ORDER

Notice of Substantial Equityholder Status

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | : | Case No. 15-12055 (BLS) |
| Debtors. | : | (Jointly Administered) |

## NOTICE OF SUBSTANTIAL EQUITYHOLDER STATUS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. **[Name of Equityholder]** is/has become a Substantial Equityholder[2] with respect to the common stock (the "Common Stock") in American Apparel, Inc. ("American Apparel"), a debtor in Case No. 15-[ ], pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. As of _____, 20\_\_, **[Name of Equityholder]** beneficially owns _____ shares of the Common Stock of American Apparel and/or options with respect to _____ shares of the Common Stock of American Apparel. The following table sets

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] For purposes of this Notice: (A) a "Substantial Equityholder" is any person or entity that beneficially owns at least 8,200,000 shares of Common Stock (representing approximately 4.5% of the approximately 182.5 million issued and outstanding shares of Common Stock) of American Apparel; (B) "beneficial ownership" of equity securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986 (as amended, the "IRC") and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, exchangeable shares, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include any rights or obligations arising in connection with the Plan Support Agreement.

forth the date(s) on which **[Name of Equityholder]** acquired or otherwise became the beneficial owner of such Common Stock:

| Number of Shares of Common Stock | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

3. The last four digits of the taxpayer identification number of **[Name of Equityholder]** are _____.

4. Under penalty of perjury, **[Name of Equityholder]** hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

5. Pursuant to the **[Interim/Final]** Order establishing the Equity Transfer Procedures (as defined in the **[Interim/Final]** Order), this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o American Apparel, Inc., 747 Warehouse Street, Los Angeles, California, 90021 (Attn: Lance Miller), and (ii) Jones Day, 555 S. Flower St., 50th Fl., Los Angeles, CA 90071 (Attn: Richard Wynne, Esq. and Erin Brady, Esq.).


Respectfully submitted,

_____
(Name of Equityholder)

By: _____

Name: _____

Title: _____

Address: _____

          _____

          _____

Telephone: _____

Facsimile: _____

Date: _____