# EXHIBIT 3 TO INTERIM ORDER

Stock Acquisition Notice

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN APPAREL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-12055 (BLS)<br>(Jointly Administered) |

## STOCK ACQUISITION NOTICE

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. **[Name of Prospective Acquirer]** hereby provides notice of its intention to purchase, acquire or otherwise accumulate one or more shares of, or an option with respect to (or to exercise such an option), the common stock (the "Common Stock") of American Apparel, Inc. ("American Apparel"), a debtor in Case No. 15- [ __ ] pending in the United States Bankruptcy Court for the District of Delaware (the "Court") (the "Proposed Transfer").

2. If applicable, on **[Prior Date(s)]**, **[Name of Prospective Acquirer]** filed a Notice of Substantial Equityholder Status[2] with the Court and served copies thereof on the above-captioned debtors (collectively, the "Debtors") and the Debtors' counsel.

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] For purposes of this Notice: (A) a "Substantial Equityholder" is any person or entity that beneficially owns at least 8,200,000 of Common Stock (representing approximately 4.5% of the approximately 182.5 million issued and outstanding shares of Common Stock) of American Apparel; (B) "beneficial ownership" of equity securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986 (as amended, the "IRC") and regulations promulgated thereunder and shall include (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, exchangeable shares, put, stock subject to
[Footnote continued on next page]

3.  **[Name of Prospective Acquirer]** currently beneficially owns _____ shares of Common Stock of American Apparel and/or options with respect to _____ shares of Common Stock of American Apparel.

4.  Pursuant to the Proposed Transfer, **[Name of Prospective Acquirer]** proposes, as applicable, to purchase, acquire or otherwise accumulate _____ shares of Common Stock or an option (or to exercise such an option) with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, **[Name of Prospective Acquirer]** will beneficially own _____ shares of Common Stock after the transfer becomes effective.

5.  The last four digits of the taxpayer identification number of **[Name of Prospective Acquirer]** are _____.

6.  Under penalty of perjury, **[Name of Prospective Acquirer]** hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

7.  Pursuant to that certain **[Interim/Final]** Order establishing the Equity Transfer Procedures (as defined in the **[Interim/Final]** Order), this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o American Apparel, Inc., 747 Warehouse Street, Los Angeles, California, 90021 (Attn: Lance Miller), and (ii) Jones Day, 555 S. Flower St., 50th Fl., Los Angeles, CA 90071 (Attn: Richard Wynne, Esq. and Erin Brady, Esq.).

---

risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include any rights or obligations arising in connection with the Plan Support Agreement.

-2-
DOCS_DE:202213.3 03636/001

8. The Debtors have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

9. The undersigned Prospective Acquirer understands that any further transactions that may result in **[Name of Prospective Acquirer]** purchasing, acquiring or otherwise accumulating additional shares of Common Stock (or an option with respect thereto) will each require an additional notice to be filed with the Court and served in the same manner as this Notice.

Respectfully submitted,

_____
(Name of Prospective Acquirer)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Date: _____