# EXHIBIT 4 TO INTERIM ORDER

Stock Disposition Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN APPAREL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-12055 (BLS)<br>(Jointly Administered) |

## STOCK DISPOSITION NOTICE

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. **[Name of Prospective Seller]**, a Substantial Equityholder,[2] hereby provides notice of its intention to sell, trade or otherwise transfer one or more shares of the common stock (the "Common Stock"), or an option with respect thereto, of American Apparel, Inc. ("American Apparel"), a debtor in Case No. 15-[ _ ] pending in the United States Bankruptcy Court for the District of Delaware (the "Court") (the "Proposed Transfer").

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] For purposes of this Notice: (A) a "Substantial Equityholder" is any person or entity that beneficially owns at least 8,200,000 shares of Common Stock (representing approximately 4.5% of the approximately 182.5 million issued and outstanding shares of Common Stock) of American Apparel; (B) "beneficial ownership" of equity securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986 (as amended, the "IRC") and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, exchangeable shares, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include any rights or obligations arising in connection with the Plan Support Agreement.

2. If applicable, on **[Prior Date(s)]**, **[Name of Prospective Seller]** filed a Notice of Substantial Equityholder Status with the Court and served copies thereof on the above-captioned debtors (collectively, the "<u>Debtors</u>") and the Debtors' counsel.

3. **[Name of Prospective Seller]** currently beneficially owns _____ shares of Common Stock of American Apparel and/or options with respect to _____ shares of Common Stock of American Apparel.

4. Pursuant to the Proposed Transfer, **[Name of Prospective Seller]** proposes to sell, trade or otherwise transfer _____ shares of Common Stock or an option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, **[Name of Prospective Seller]** will beneficially own _____ shares of Common Stock after the transfer becomes effective.

5. The last four digits of the taxpayer identification number of **[Name of Prospective Seller]** are _____.

6. Under penalty of perjury, **[Name of Prospective Seller]** hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

7. Pursuant to that certain **[Interim/Final]** Order establishing the Equity Transfer Procedures (as defined in the **[Interim/Final]** Order), this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o American Apparel, Inc., 747 Warehouse Street, Los Angeles, California, 90021 (Attn: Lance Miller), and (ii) Jones Day, 555 S. Flower St., 50th Fl., Los Angeles, CA 90071 (Attn: Richard Wynne, Esq. and Erin Brady, Esq.).

-2-

DOCS_DE:202213.3 03636/001

8. The Debtors have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

9. The undersigned Prospective Seller understands that any further transactions that may result in **[Name of Prospective Seller]** selling, trading or otherwise transferring shares of Common Stock (or an option with respect thereto) will each require an additional notice to be filed with the Court and served in the same manner as this Notice.

DOCS_DE:202213.3 03636/001

Respectfully submitted,

_____
(Name of Prospective Seller)

By: _____

      Name: _____

      Title: _____

Address: _____

              _____

              _____

Telephone: _____

Facsimile: _____

Date: _____