# EXHIBIT 6 TO INTERIM ORDER

Publication Notice

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF RESTRICTION OF TRADING IN EQUITY OF AMERICAN APPAREL, INC. AND RECORD DATE FOR NOTICE AND SELL-DOWN PROCEDURES FOR TRADING IN CLAIMS AGAINST THE DEBTORS' ESTATES

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN AMERICAN APPAREL, INC. OR CLAIMS AGAINST ANY OF THE DEBTORS:**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On October 5, 2015 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On the Petition Date, the Debtors filed the Motion for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and (II) Establishing a Record Date for Notice and Sell-Down Procedures for Trading in Claims Against the Debtors' Estates (the "Motion").

On **[October __]**, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an interim order (the "Interim Order") (i) approving procedures with respect to transfers of equity securities in American Apparel, Inc. (the "Equity Transfer Procedures") and (ii) setting the record date with respect to trading in claims against the Debtors, in order to assist the Debtors in preserving their net operating losses ("NOLs").

**FAILURE TO FOLLOW THE EQUITY TRANSFER PROCEDURES SET FORTH IN THE INTERIM ORDER SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE. ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF EQUITY SECURITIES**

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

**(INCLUDING OPTIONS TO ACQUIRE STOCK) IN AMERICAN APPAREL, INC. IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID <u>AB INITIO</u>, SHALL CONFER NO RIGHTS ON THE TRANSFEREE AND MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE BANKRUPTCY COURT.**

Pursuant to the Interim Order, the Record Date is established as _____, 2015.

Claimholders and potential purchasers of claims against the Debtors other than claims arising in connection with the DIP Facility ("<u>Claims</u>") are hereby notified that, if the Court ultimately approves a Sell-Down Order, claimholders that acquire Claims after the Record Date in an amount that would entitle them to receive more than 4.5% of the stock of the Debtors may be subject to a required sell-down of any Claims acquired after the Record Date in accordance with the Sell-Down Procedures.

All persons or entities that acquired and hold Claims after the Record Date in an amount entitling such person or entity to receive more than 4.5% of the equity of the Debtors may be required to identify themselves to the Debtors and the official committee of unsecured creditors after the Court's approval of a qualifying sale.

A final hearing to consider the relief requested in the Motion and the entry of an order (the "<u>Final Order</u>") implementing the Equity Transfer Procedures on a final and permanent basis shall be held on _____, 2015 at __:__ .m (EST), before the Honorable _____ at _____.

Objections to the Motion must be filed with the Court and served so as to be received by 4 p.m. (ET) on [_____], 2015, on (a) the office of the United States Trustee for the District of Delaware and (b) (i) the Debtors, c/o American Apparel, Inc., 747 Warehouse Street, Los Angeles, California, 90021 (Attn: Lance Miller), and (ii) Jones Day, 555 S. Flower St., 50th Floor, Los Angeles, CA 90071 (Attn: Richard Wynne, Esq. and Erin Brady, Esq.).

If no objections to the Motion are timely filed, served and received in accordance with the Interim Order, the Interim Order shall be deemed a Final Order without further notice or hearing, and the Motion shall be granted on a final and permanent basis.

The entry of the Interim and Final Orders shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Order, on any grounds, and all parties' rights are expressly preserved by the Interim and Final Orders.

Any of the Debtors may waive in writing, any and all restrictions, stays and notice procedures contained in the Interim Order.

Complete copies of the Motion and the Interim Order are, and any Final Order will be, available via PACER via the Court's website at https://ecf.deb.uscourts.gov for a fee, or through the Debtors' Notice, Claims and Solicitation Agent, Garden City Group, by accessing their website at http://www.gardencitygroup.com/cases/AAI, or by calling (877) 940-7795.