# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | : | Case No. 15-12055 (BLS) |
| Debtors. | : | (Jointly Administered) |
| | : | **Related to Docket No. 17** |

## ORDER (I) APPROVING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS, (II) APPROVING, ON AN INTERIM BASIS, THE DEBTORS' DEPOSIT GUIDELINES AND EXTENDING TIME TO COMPLY WITH SECTION 345(B) OF THE BANKRUPTCY CODE, (III) APPROVING CONTINUATION OF ORDINARY COURSE INTERCOMPANY TRANSACTIONS, AND (IV) GRANTING RELATED RELIEF

Upon consideration of the *Motion for an Order (I) Approving the Continued Use of the Debtors' Cash Management System, Bank Accounts and Business Form, (II) Approving, on an Interim Basis, the Debtors' Deposit Guidelines and Extending Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transfers with Non-Debtor Affiliates, and (IV) Granting Other Related Relief* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, venue is proper in this district pursuant to

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances, (v) cause exists, within the meaning of section 345(b) of the Bankruptcy Code to grant n interim waiver to continue the Debtors' use of the Deposit Guidelines and (vi) good cause exists to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent it is applicable; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order approving the Debtors' postpetition financing facility (the "<u>DIP Order</u>") and the documentation in respect of the postpetition financing facility (the "<u>DIP Documents</u>"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern. In particular, pursuant to the DIP Order and the DIP Documents:

   a. The Debtors and the DIP Agent (as defined in the DIP Order) are authorized to enter into any additional agreements providing for the establishment of lock boxes, blocked accounts or similar arrangements in favor of the DIP Agent for purposes of facilitating cash collections from the Debtors in accordance with the terms of the DIP Documents, and to give directions and instructions to the

2

depository banks at which the Debtors' bank accounts are maintained (or amend control agreements with such depository banks) including, without limitation, Capital One, National Association and its affiliates in order to direct the Debtors' cash collections to be transferred to the DIP Funding Account pursuant to (and as defined in) the DIP Credit Agreement; and

b.      The Prepetition ABL Agent shall immediately share dominion and control with the DIP Agent with respect to each depository account of the Debtors or other third party that was subject to a deposit account control agreement with the Prepetition ABL Agent as of the Petition Date, and each of such deposit account control agreements shall thereafter be enforceable by the DIP Agent against, and binding upon, each depository institution party thereto until the DIP Obligations have been paid in full in cash and the DIP Credit Agreement (both as defined in the DIP Order) shall have been terminated, after which such deposit account control agreements shall again be solely enforceable by the Prepetition ABL Agent.

3.      The Debtors are authorized to: (a) maintain their Cash Management System in substantially the same form as described in the Motion; (b) implement ordinary course changes to their Cash Management System consistent with the terms of the DIP Order, the DIP Documents or as otherwise ordered by this Court; and (c) open and close bank accounts; provided, however, that the Debtors give notice to the Office of the United States Trustee and any official committees appointed in these chapter 11 cases prior to opening or closing a bank account; provided further that such notice shall not be required with respect to any bank accounts open or closed pursuant to the DIP Order or DIP Documents. Any new domestic bank account

3

DOCS_DE:202224.3 03636/001

opened by the Debtors shall be established at an institution acceptable to the DIP Credit Facility lenders, insured by the FDIC and organized under the laws of the United States or any State therein, or in the case of accounts that may carry a balance exceeding the insurance limitations set thereby, is a party to a UDA with the U.S. Trustee or is willing to immediately execute such an UDA.

4. The Debtors are authorized, but not directed, to continue to use the Bank Accounts under existing account numbers without interruption.

5. The Banks are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the applicable Debtor as debtor in possession without interruption, and to receive, process, honor and pay any and all checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be.

6. All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor any checks issued against the Bank Accounts prior to the commencement of these chapter 11 cases, except as otherwise authorized by an order of this Court and directed by the Debtors.

7. The Debtors shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks or business forms; provided, however, that any new check stock ordered by the Debtors shall contain the designation "Debtor in Possession."

8. The Banks are authorized, but not directed, to accept and honor all representations from the Debtors regarding which checks, drafts, wires or ACH transfers should be honored or

dishonored consistent with any order of this Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Petition Date; provided, however, that to the extent the Debtors direct the Banks to dishonor any Disbursements or the Banks inadvertently dishonor any Disbursements, the Debtors may issue replacement Disbursements consistent with the orders of this Court. The Banks shall not be liable to any party on account of: (a) following the Debtors' instructions or representations as to any order of this Court; (b) honoring any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. Any Bank, without further order of this Court, is (a) authorized to charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors; and (b) authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10. The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of forty-five (45) days from the Petition Date; provided, however, that such extension is without prejudice to the Debtors' right to request a further extension or the waiver of the requirements of section 345(b) of the Bankruptcy Code in these bankruptcy cases.

11. The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in their discretion; provided, however, that the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; provided, further, however that the Debtors shall open any such new Bank Account at banks that

5

DOCS_DE:202224.3 03636/001

have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are immediately willing to execute such an agreement.

12. The Debtors are authorized, from and after the Petition Date, to continue to engage in Intercompany Transactions in the ordinary course of the Debtors' businesses, including transactions with the Non-Debtor Affiliates, _provided_, _however_, that for the avoidance of doubt, the Debtors shall not be authorized by this Order to undertake any intercompany transactions that are not on the same terms as, or materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. All intercompany claims held by a Debtor or Non-Debtor Affiliate against a Debtor arising from postpetition intercompany transfers shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including intercompany transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

13. Notwithstanding anything contained herein, despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

14. For Banks at which the Debtors hold Bank Accounts that are party to an UDA with the U.S. Trustee, within fifteen (15) days of the date of entry of this Order, the Debtors shall (a) contact each Bank, and (b) provide each Debtor's employer identification number for each account held at such Banks by a Debtor.

15. For Banks at which the Debtors hold Bank Accounts that are not party to an UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute an UDA in a form prescribed by the U.S. Trustee within (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute an UDA in a form prescribed by the U.S. Trustee are fully reserved.

16. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

17. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

18. This Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: 10/6/15, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge

DOCS_DE:202224.3 03636/001