# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| AMERICAN APPAREL, INC., et al.,[1] : | Case No. 15-12055 (BLS) |
| Debtors. : | (Jointly Administered) |
| : | **Related Docket No. 9** |

## ORDER AUTHORIZING THE DEBTORS TO PAY
## PREPETITION EMPLOYEE WAGES, BENEFITS AND RELATED ITEMS

The Court has considered the *Motion for an Order Authorizing the Debtors to Pay Prepetition Employee Wages, Benefits and Related Items* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

creditors, and is necessary to prevent immediate and irreparable harm to the Debtors, their estates and their employees;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

3. Subject to the requirements of 11 U.S.C. sections 507(a)(4) and (a)(5), the Debtors are authorized, in the Debtors' discretion, subject to the DIP Order and the DIP Documents, to pay the Prepetition Compensation, Prepetition Deductions, Prepetition Benefits and Prepetition Processing Costs that were accrued and unpaid as of the Petition Date in an aggregate amount not to exceed $5.5 million.

4. The Debtors are authorized, in the Debtors' discretion, subject to the DIP Order and the DIP Documents, to pay the Prepetition Business Expenses in an amount not to exceed $140,000.

5. The Debtors are authorized to pay the Supplemental Workforce Obligations in an amount not to exceed $500,000.

6. The Banks are authorized, when requested by the Debtors, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Prepetition Compensation, Supplemental Workforce Obligations,

Prepetition Business Expenses, Prepetition Deductions, Prepetition Benefits, Immigration Services Obligations and Prepetition Processing Costs, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

7. Any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order either: (a) at the direction of the Debtors, (b) in a good- faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtors or their estates on their account of such prepetition check or other item being honored post-petition.

8. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim is a Immigration Services Obligation or Supplemental Workforce Obligation or a claim for Prepetition Compensation, Prepetition Business Expenses, Prepetition Deductions, Prepetition Benefits, or Prepetition Processing Costs; or (v) the assumption of any contract.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

10. Nothing in the Motion or this Order shall be deemed to violate or permit a violation of section 503(c) of the Bankruptcy Code.

11. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge

12. A hearing with respect to the Debtors' request to pay the Manufacturing Bonuses will be held on November 2, 2015 at 10 a.m. (Eastern). Any objection to such relief must be filed with the Court by 4 p.m. (eastern) on October 26, 2015.

4