## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 11** |

## ORDER AUTHORIZING DEBTORS TO CONTINUE THEIR INSURANCE PROGRAMS AND PAY RELATED OBLIGATIONS

The Court has reviewed the *Motion for an Order Authorizing the Debtors to Continue Their Insurance Programs and Pay Related Obligations* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court hereby finds that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h). After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates, and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates.

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] Capitalized terms not specifically defined herein have the meaning assigned to them in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

3. The Debtors are authorized, in their discretion, subject to the DIP Order and the DIP Documents, to honor all of their prepetition and postpetition obligations under the Insurance Policies, including premiums, deductibles, retention/collateral amounts, and amounts owed to Marsh, York, and Athens.

4. The Debtors' payment of prepetition Insurance Obligations shall not exceed $5,000,000.00 in the aggregate, absent further Court order.

5. The Debtors are authorized to maintain, supplement, amend, extend, renew, and/or replace, without further Court approval, their Insurance Policies.

6. The Court hereby authorizes all Banks to receive, process, honor, and pay all checks and electronic payment requests related to the Insurance Obligations, whether such checks or electronic payment requests were presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts. The Banks are authorized to rely on the Debtors' designation of any particular check or fund transfer as approved by this Order.

7. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; (e) a request to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8. Nothing in the Motion or this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of, or basis for, any claims against the Debtors in connection with or relating to the Debtors' Insurance Policies.

9. To the extent any of the Insurance Policies or related agreements are deemed to be executory contracts within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption of those Insurance Policies or related agreements under section 365 of the Bankruptcy Code.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

11. This Order shall be immediately effective and enforceable upon its entry, and the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge

3

DOCS_DE:202203.3 03636/001