IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN APPAREL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-12055 (BLS)<br>(Jointly Administered)<br><br>**Related to Docket No. 5** |

## INTERIM ORDER GRANTING DEBTORS' MOTION FOR ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS

The Court has considered the motion of the Debtors for interim and final orders authorizing, but not directing, the Debtors (i) to pay, in the ordinary course of business, the prepetition claims of certain Critical Vendors and (ii) authorizing financial institutions to honor all related checks and electronic payment requests (the "Motion").[2] The Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

3. The Debtors are authorized, but not required, to pay, in their discretion, subject to the DIP Order and the DIP Documents, and in the ordinary course of their businesses, the Critical Vendor Claims in an aggregate amount not to exceed the Interim Cap Amount of $4 million. Nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant.

4. The Debtors may require, and will exercise their good faith efforts to obtain, a Trade Agreement substantially in the form of the letter attached as <u>Exhibit A</u> to the Motion, whereby a Critical Vendor agrees to: (i) the continuance of the parties' existing business relationship; (ii) other business terms on a postpetition basis consistent with past practices, including the pricing of goods and services and the provision of equivalent levels of

2

service, on terms at least as favorable as those extended in the normal course prior to the Petition Date, or on such other terms that are acceptable to the Debtors; and (iii) the release to the Debtors of goods or other assets owned by the Debtors in the Critical Vendor's possession, if any (collectively, the "Trade Terms"). The Trade Terms shall be applicable throughout the pendency of the Debtors' chapter 11 cases.

5. If a Critical Vendor that has executed a Trade Agreement accepts a Critical Vendor Payment and fails to provide the Debtors with the requisite Trade Terms specified therein, then, subject to further Court approval, (i) any Critical Vendor Payment received by the Critical Vendor may be deemed by the Debtors as an unauthorized postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either, at the Debtors' option (a) seek to recover from the Critical Vendor in cash or (b) apply against any outstanding administrative claim held by such Critical Vendor and (ii) upon recovery of any Critical Vendor Payment, the corresponding prepetition claim of the Critical Vendor will be reinstated in the amount recovered by the Debtors.

6. The Banks are authorized, when requested by the Debtors in the Debtors' discretion, to receive, process, honor and pay all postpetition checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to Critical Vendor Claims, provided that funds are available in the Debtors' accounts to cover such checks and fund transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

7. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any

3

grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim against the Debtors is a Critical Vendor Claim or that any Vendor is a Critical Vendor.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

9. Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

12. Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on the Notice Parties no later than 10/26, 2015, 4:00 p.m., prevailing Eastern Time.

13. A final hearing to resolve any objections to the relief sought in the Motion shall be conducted on November 2, 2015 at 10 a.m., prevailing Eastern Time.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge

4

DOCS_DE:202207.3 03636/001