IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | : | Case No. 15-12055 (___) |
| Debtors. | : | (Joint Administration Requested) |

**ORDER CONFIRMING THE ADMINISTRATIVE EXPENSE
PRIORITY STATUS OF THE DEBTORS' UNDISPUTED OBLIGATIONS FOR
THE POSTPETITION DELIVERY OF GOODS AND PROVISION OF SERVICES**

The Court has reviewed the *Motion of the Debtors for an Order Confirming the Administrative Priority Status of the Debtors' Undisputed Obligations for the Postpetition Delivery of Goods and Provision of Services* (the "Motion")[2] filed by the Debtors. The Court has also reviewed the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court hereby finds that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, the Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors, and good and sufficient cause has been shown;

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California 90021.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

3. To the extent that any supplier of goods or services delivers such goods or provides such services to the Debtors postpetition on account of a prepetition purchase order and such goods or services benefit the estate, the Debtors' undisputed obligations under such purchase order shall constitute an administrative expense claim on behalf of the applicable supplier of goods or services.

4. The Debtors are authorized to continue to arrange for the delivery and provision of such goods and services postpetition in the ordinary course of business.

5. The Debtors undisputed obligations to suppliers of goods and services arising from (a) shipment of goods delivered to and accepted by the Debtors on and after the Petition Date and (b) provision of services to the Debtors at the Debtors' request on and after the Petition Date are hereby granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

6. Nothing in this Order shall authorize the Debtors to pay any amount to any party for goods received where title to the underlying goods was transferred to the Debtors prior to the Petition Date.

7. Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from their suppliers, including the Debtors' rights to (a) cancel a purchase order to the extent permitted by the purchase order or applicable nonbankruptcy law (including any Outstanding Order), (b) decline the acceptance of goods and services, (c) return any defective, nonconforming, or unacceptable good, or (d) contest the amount of any invoice or claim on any valid legal or factual grounds

8. Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall be construed to (a) be a promise or guarantee of payment of any claim or group of claims, or (b) modify, create, or expand any rights of their suppliers under the Bankruptcy Code or otherwise.

9. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from and relating to the implementation and/or interpretation of this Order.

Dated: Oct 6, 2015
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE