IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN APPAREL, INC., *et al.*,[1]<br>    Debtors. | Chapter 11<br><br>Case No. 15-12055 (BLS)<br>(Jointly Administered)<br><br>**Related to Docket No. 13** |

## ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION SHIPPING AND PROCESSOR CHARGES

The Court has considered the Debtors' *Motion for an Order Authorizing the Debtors to Pay Certain Prepetition Shipping and Processor Claims* (the "Motion").[2] The Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii)

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

3. The Debtors are authorized, but not directed, in their discretion, subject to the DIP Order and the DIP Documents, and without further order of this Court, to pay all or part of the Distribution Vendor Claims in an amount not to exceed $350,000 in the aggregate. Nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant.

4. The Debtors are further authorized, in their discretion, subject to the DIP Order and the DIP Documents, to continue payments to any Distribution Vendor upon its agreement to: (i) continue the parties' existing business relationship; (ii) offer business terms on a postpetition basis consistent with past practices, including the pricing of services, on terms at least as favorable as those extended in the normal course prior to the Petition Date, or on such other terms that are acceptable to the Debtors; and (iii) release the Debtors' goods or other assets in the Distribution Vendor's possession (collectively, the "Trade Terms"). The Trade Terms shall be applicable throughout the pendency of the Debtors' chapter 11 cases.

5. To the extent a Distribution Vendor fails to comply with the Trade Terms, and subject to further Court approval: (i) any Distribution Vendor Payment received by the Distribution Vendor may be deemed by the Debtors as an unauthorized postpetition transfer under section 549 of the Bankruptcy Code that the Debtors are authorized to (a) recover from the Distribution Vendor in cash or (b) at the Debtors' option, apply against any outstanding administrative claim held by such Distribution Vendor; and (ii) upon recovery of any Distribution Vendor Payment, the corresponding prepetition claim of the Distribution Vendor will be reinstated in the amount recovered by the Debtors.

6. The banks and financial institutions on which checks are drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are further authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

7. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors or liens on the Debtors' assets; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim against the Debtors is a Distribution Vendor Claim or that any creditor is a Distribution Vendor; or (v) a request to assume any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

9. Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge

- 4 -
DOCS_DE:202223.3 03636/001