# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 8** |

## ORDER AUTHORIZING
## THE DEBTORS TO PAY CERTAIN PREPETITION TAXES

The Court has considered the Debtors' *Motion For An Order Authorizing the Debtors to Pay Prepetition Taxes* (the "Motion").[2] The Court has reviewed the Motion and the First Day Declaration and considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

2. The Debtors are authorized, in the Debtors' discretion, subject to the DIP Order and the DIP Documents, to pay the Prepetition Taxes incurred in the ordinary course of business in an aggregate amount not to exceed $1 million.

3. The Banks are authorized, when requested by the Debtors in the Debtors' discretion, to receive, process, honor and pay all prepetition and postpetition checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the payment of the Prepetition Taxes, provided that funds are available in the Debtors' accounts to cover such checks and fund transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

4. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim is a claim for Prepetition Taxes.

5.   The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

6.   This Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

7.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge

- 3 -

DOCS_DE:202222.3 03636/001