IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN APPAREL, INC., *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 15-12055 (BLS)<br>(Jointly Administered)<br><br>**Related to Docket No. 6** |

## INTERIM ORDER ESTABLISHING ADEQUATE ASSURANCE PROCEDURES WITH RESPECT TO THE DEBTORS' UTILITY PROVIDERS

The Court has considered the Debtors' *Motion for Interim and Final Orders Establishing Adequate Assurance Procedures With Respect to Utility Providers* (the "Motion").[2] The Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii)

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

3. Subject to the procedures described below, no Utility Company, including any Subsequently Added Utility, may (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, the Debtors on the basis of the commencement of this chapter 11 case or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving such utility services.

4. The Debtors shall deposit $600,000 into a newly created, segregated, interest bearing account (the "Adequate Assurance Deposit") within 20 days of the Petition Date.

5. Subject to the entry of the final order and the Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

6. The following Adequate Assurance Procedures are approved in all respects:

   a. Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve an Additional Assurance Request at the following addresses: (i) American Apparel, Inc., 747 Warehouse St., Los Angeles, California, 90021 (Attn: Lance Miller) (ii) Jones Day, 555 S Flower St., Suite 5000, Los Angeles, CA 90071 (Attn: Richard L. Wynne, Esq. and Erin Brady, Esq.); and (iii) Pachulski, Stang, Ziehl and Jones, 919 N Market St # 1700, Wilmington, DE 19801, (Attn: Laura Davis Jones, Esq.) (collectively, the "Notice Parties").

   b. Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (v) describe any payment delinquency or irregularity by the Debtors for the postpetition period, if any, and (vi) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   c. If an Additional Assurance Request is delivered upon the Notice Parties, the Debtors shall have the greater of (i) twenty-one days from receipt of such Additional Assurance Request or (ii) thirty days from the Petition Date (such greater period, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company without application to or approval of the Court.

   d. The Debtors are authorized to resolve, in their discretion, any Additional Assurance Request by mutual agreement with the requesting Utility Company without further order of the Court and, in connection with any such agreement and in their discretion, may provide the requesting Utility Company with alternative adequate assurance of payment including cash deposits, prepayments, or other forms of security, if the Debtors believe such alternative assurance is reasonable.

   e. If the Debtors determine that an Additional Assurance Request is not reasonable and the parties are not able to resolve such request during the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f.  Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such a request may not discontinue, alter or refuse service to the Debtors on account of unpaid charges for prepetition services or an alleged lack of adequate assurance of payment.

7. All Utility Companies shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to (i) an Additional Assurance Request or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

8. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

9. The Debtors are authorized, in their discretion, to amend the Utility Service List to add or delete any Utility Company, and this order and the Adequate Assurance Procedures shall apply to any Subsequently Added Utility. The Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to two weeks of the Debtors' average cost of utility service for each removed or Subsequently Added Utility.

10. The Debtors shall serve a copy of this order on each Utility Company listed on the Utility Service List within two business days after the date of this order is entered, and shall promptly serve this order on any Subsequently Added Utility.

11. The Debtors shall have the Resolution Period to resolve any Subsequently Added Utility's Additional Assurance Request by mutual agreement without further order of this Court or to schedule a Determination Hearing with this Court.

12. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Service List.

13. Nothing contained in the Motion or this order is intended or should be construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) a request to assume or reject any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

14. Nothing contained in the Motion or this order is intended or should be construed to create an administrative priority claim on account of any claim.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be effective and enforceable immediately upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this order.

18. Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on the Notice Parties no later than October 26, 2015, at 4:00 p.m., prevailing Eastern Time.

19. A final hearing to resolve any objections to the relief sought in the Motion shall be conducted on 11/2, 2015 at 10:00 a.m., prevailing Eastern Time.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge