# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 14** |

## ORDER (A) CONFIRMING THE PROTECTIONS OF SECTIONS 362, 365 AND 525 OF THE BANKRUPTCY CODE AND (B) GRANTING CERTAIN RELATED RELIEF

The Court has considered the Debtors' *Motion for an Order (A) Confirming the Protections of Sections 362, 365 and 525 of the Bankruptcy Code and (B) Granting Certain Related Relief* (the "Motion").[2] The Court has reviewed the Motion and the First Day Declaration and considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. sections 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are authorized, by virtue of the commencement of the chapter 11 cases, to be afforded the protections of, *inter alia*, the automatic stay under Bankruptcy Code section 362, the bankruptcy anti-termination provisions under Bankruptcy Code section 365, and the anti-discrimination provisions of Bankruptcy Code section 525.

3.  The automatic stay is applicable to the Debtors and the property of the estates, wherever located, and all parties are stayed from bringing actions against the Debtors or property of the estates in this or any other jurisdiction.

4.  Each provision of Bankruptcy Code section 362(a), as set forth below, is currently in effect with respect to the Debtors:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities and Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>>
>> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>>
>> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>>
>> (4) any act to create, perfect, or enforce any lien against property of the estate;
>>
>> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>>
>> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>>
>> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

5. All persons and all governmental units, and those acting on their own behalf, including sheriffs, marshals, constables and other or similar law enforcement officers and officials are stayed and prohibited from in any way, seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of the Debtors or the Debtors' estates, wherever located.

6. All persons and entities (including those that act on their behalf) shall continue to perform under, and shall not terminate, any executory contract or unexpired lease with the Debtors without further order of this Court notwithstanding a contractual default by the Debtors that is a breach of a provision relating to (a) the insolvency or financial condition of the Debtors at any time before the closing of the Debtors' chapter 11 cases or (b) the commencement of the Debtors' chapter 11 cases.

7. Pursuant to Bankruptcy Code section 525, all governmental units are prohibited or enjoined from (i) denying, revoking, suspending or refusing to renew any license, permit, charter, franchise, or other similar grant to any of the Debtors, (ii) placing conditions upon such a grant to any of the Debtors, or (iii) discriminating against the Debtors (or another person with whom the Debtors have been associated) solely because the Debtors (or another person with whom the Debtors have been associated) is a debtor under the Bankruptcy Code, may have been insolvent prior to the Petition Date or may be insolvent during the pendency of the Debtors' chapter 11 cases, or may not have paid a debt that is dischargeable in this case under the Bankruptcy Code.

8. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party, including those of the Debtors, under Bankruptcy Code sections 362, 365 and 525; specifically, this Order shall not affect the exceptions to the automatic stay contained in Bankruptcy Code section 362(b), or the right of any party in interest to seek relief from the automatic stay in accordance with Bankruptcy Code section 362(d) or any other right provided by Bankruptcy Code section 525 or section 365.

9. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation of this Order shall be deemed an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and the Debtors' rights with respect to such matters are expressly reserved.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge