# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (___) |
| Debtors. | (Joint Administration Requested) |

## MOTION FOR AN ORDER ESTABLISHING PROCEDURES TO RESOLVE CLAIMS ARISING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move the Court pursuant to sections 105 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9013-1(m) for the entry of an order, in substantially the form attached hereto as Exhibit A (i) establishing an orderly process for the assertion of any claims entitled to priority under section 503(b)(9) of the Bankruptcy Code ("Twenty-Day Claims") and (ii) granting certain related relief. In support of this motion, the Debtors state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

## BACKGROUND

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed in these cases.

3. The Debtors and their non-Debtor affiliates operate a vertically integrated manufacturing, distribution, and retail business focused on branded fashion-basic apparel, employing approximately 8,500 employees across six manufacturing facilities and approximately 230 retail stores in the United States and 17 other countries worldwide. Additional information regarding the Debtors and these cases, including the Debtors' businesses, corporate structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Declaration of Mark Weinsten in Support of First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

4. Before the Petition Date, and in the ordinary course of their businesses, the Debtors purchased and received a variety of goods for use in their operations. The Debtors' books and records indicate that they received goods with a value well over $1 million within the 20 days immediately prior to the Petition Date (the "Twenty-Day Period").

5. Section 503(b)(9) of the Bankruptcy Code provides a priority status for prepetition claims for the value of goods received within the Twenty-Day Period. That said, these Twenty-Day Claims in all other respects are identical to other prepetition claims. As such, there is no reason to differentiate between the procedures by which Twenty-Day Claims and

other prepetition claims are filed, objected to, and adjudicated. To eliminate any uncertainty regarding the procedures to be used by claimants asserting Twenty-Day Claims (the "Twenty-Day Claimants"), and to avoid piecemeal litigation by Twenty-Day Claimants, the Debtors seek to establish, at the outset of these cases, procedures for the assertion and determination of Twenty-Day Claims (the "503(b)(9) Procedures").

*The 503(b)(9) Procedures*

6.   To maintain uniformity and consistency, the Debtors seek entry of an order establishing the 503(b)(9) Procedures for the assertion (and determination) of Twenty-Day Claims pursuant to the normal prepetition claims process in these cases and subject to the general bar date to be set by the Court in these cases for the filing of all prepetition claims (the "General Bar Date"), as follows:

(a)   All Twenty-Day Claims shall be filed by the General Bar Date, which will be set for all prepetition claims in these cases by a subsequent order of the Court, and in accordance with Bankruptcy Rules 3002 and 3003.

(b)   Twenty-Day Claimants shall utilize the proof of claim form to be developed by the Debtors in connection with the general bar date process, which form will permit all parties to assert the amount and priority of their claims (including priority under section 503(b)(9) of the Bankruptcy Code) in one standardized form.

(c)   The Twenty-Day Claimants shall not file motions to compel allowance or payment of administrative expenses for their Twenty-Day Claims or schedule a hearing to consider such claims. All motions or other proceedings initiated by Twenty-Day Claimants to assert rights related to Twenty-Day Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with the 503(b)(9) Procedures or those the Debtors already have consensually resolved, are stayed and the Twenty-Day Claims asserted therein shall be resolved exclusively by the 503(b)(9) Procedures.

(d) Consistent with section 502(a) of the Bankruptcy Code, all timely filed Twenty-Day Claims shall be deemed accepted and allowed unless objected to by the Debtors or any other party in interest pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 or in accordance with further procedures for addressing claims as may be established by the Court ("Claims Procedures"). If such an objection to a Twenty-Day Claim is filed, such claim shall be adjudicated and allowed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any Claims Procedures established by the Court.

(e) To the extent that a Twenty-Day Claim is allowed, the claim shall be paid pursuant to, and as set forth in, the applicable chapter 11 plan confirmed by the Court.

7. The Debtors request that the 503(b)(9) Procedures be the sole and exclusive method for creditors to assert, seek determination of, and obtain payment of the Twenty-Day Claims. The Debtors further request that all Twenty-Day Claimants be prohibited from seeking any other means for the allowance or treatment of their Twenty-Day Claims, unless leave is specifically granted by the Court.

## BASIS FOR RELIEF

8. The Debtors submit that the entry of an order approving and authorizing the 503(b)(9) Procedures is appropriate under sections 105(a) and 503 of the Bankruptcy Code.[2] The proposed 503(b)(9) Procedures will provide clear guidance to all parties as to how Twenty-Day Claims shall be filed in these cases and will streamline the process for consideration of such claims. Requiring Twenty-Day Claimants to participate in the normal claims adjudication process will provide the Debtors the opportunity to address the allowance of claims in an orderly

---

[2] Debtors have also filed a motion seeking authority to pay the prepetition claims of critical vendors, including those claims of critical vendors that are entitled to administrative priority (the "Critical Vendor Motion"). The 503(b)(9) Procedures shall not apply to any Twenty-Day Claims paid pursuant to the orders granting the relief requested in the Critical Vendor Motion.

and efficient way, will not impair in any way the substantive rights of any parties, and will ensure that similarly situated creditors receive equal treatment.

9. Under section 101(10)(A) of the Bankruptcy Code, a "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief . . . ." Accordingly, entities holding prepetition claims, including prepetition claims under section 503(b)(9) of the Bankruptcy Code, are plainly "creditors" under the Bankruptcy Code and Bankruptcy Rules.[3]

10. The status of entities holding Twenty-Day Claims as "creditors" has important consequences, including that such entities are permitted to file proofs of claim. *See* 11 U.S.C. § 501(a) ("[a] creditor . . . may file a proof of claim"). In fact, under Bankruptcy Rules 3002(a) and 3003(c)(2), Twenty-Day Claimants *must* file claims if they want their Twenty-Day Claims to be allowed. Fed. R. Bankr. P. 3002(a) (a "creditor . . . *must* file a proof of claim or interest for the claim or interest to be allowed . . .") (emphasis added); Fed. R. Bankr. P. 3003(c)(2) ("Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.").

11. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, *proof of which is filed under section 501 of this title*, is deemed allowed, unless a party in interest . . . objects." (emphasis added). Indeed, without discussing all potentially applicable provisions

---

[3] There is some case law addressing the issue of whether an entity holding a *postpetition* administrative expense claim *also* is a "creditor" under the Bankruptcy Code. *See, e.g., In re CM Holdings, Inc.*, 264 B.R. 141, 157-59 (Bankr. D. Del. 2000) (discussing whether administrative claimants are "creditors" for purposes of application of section 502(d) of the Bankruptcy Code and concluding they are not). In light of the *prepetition* nature of claims under section 503(b)(9) of the Bankruptcy Code — relating to goods received by the Debtors in the ordinary course of business in the Twenty-Day Period—case law discussing whether postpetition administrative claimants are creditors is irrelevant here.
- 5 -

of the Bankruptcy Code and the Bankruptcy Rules, it is clear that by classifying holders of prepetition claims under section 503(b)(9) as "creditors," Congress desired that such claimants be subjected to the entire claim filing and objection process established by sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rules 3001 through 3007. Importantly, this means that section 502 of the Bankruptcy Code, which provides that litigation in respect of a claim is initiated through a *debtor's* objection, places the control over the timing of an objection to a Twenty-Day Claim with the debtors, not with creditors. As such, the proper order of events for Twenty-Day Claims is for (i) the Court to establish a General Bar Date for the filing of proofs of claim, (ii) Twenty-Day Claimants to file their Twenty-Day Claims on a proof of claim form by the General Bar Date and (iii) the Debtors to file any objections to such claims that are necessary.

12. It is common practice for a debtor to defer claims litigation to a later point in a chapter 11 case. In doing so, the Debtors here will avoid burdening themselves with ad hoc claims litigation initiated by creditors during the early stages of a case, when there are a host of other pressing issues to address. Moreover, by deferring claims litigation issues at the early stages of these cases, the Debtors will be able to structure the claims review process to maximize efficiency. For example, the Debtors will be able to analyze all claims of various categories in one coordinated process, and will be able to structure contested litigation so that multiple claims can be addressed at the same hearing. This will avoid witnesses appearing for multiple hearings and streamline the process of reconciling Twenty-Day Claims.

13. The 503(b)(9) Procedures are consistent with section 503 of the Bankruptcy Code, which grants the underlying priority status to the Twenty-Day Claims. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a *request* for

payment of an administrative expense . . . ." 11 U.S.C. § 503(a) (emphasis added). Unlike postpetition administrative claims, this "request" can be made with respect to Twenty-Day Claims by the entities filing a proof of claim (just as proofs of claim are filed for other prepetition claims entitled to priority status). Once an entity files such a request on a proof of claim form, "after notice and a hearing, there shall be allowed administrative expenses . . . including — the value of any goods received by the debtor within 20 days before the date of commencement of a [chapter 11 case, but only if such] goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b), (b)(9). The filing of the proof of claim will provide an opportunity for the Debtors to review and, if necessary, file an objection with a related notice and the scheduling of a hearing. Thus, addressing Twenty-Day Claims through the proof of claim process, as proposed by the Debtors, is entirely consistent with the Bankruptcy Code and the Bankruptcy Rules.[4]

14. Courts in this and other jurisdictions have approved similar procedures for Twenty-Day Claims. *See, e.g., In re Optim Energy, LLC*, No. 14-10262 (BLS) (Bank. D. Del. May 9, 2014) (providing procedures to assert Twenty-Day Claims and prohibiting the Twenty-Day Claimants from filing motions to seek payments of their claims outside procedures established by the Court); *In re Conexant Systems, Inc.*, No. 13-10367 (MFW) (Bankr. D. Del.

---

[4] The proposed 503(b)(9) Procedures also do not impede any creditor's right to payment, because there is no immediate right to payment of Twenty Day Claims. Section 503(b)(9) of the Bankruptcy Code makes no mention of the timing by which any claim allowed thereunder must be paid. Indeed, there is nothing in the text of section 503(b)(9) that even suggests that a claimant has a right to immediate payment. *See In re NE Opco, Inc.*, 501 B.R. 233, 259 (Bankr. D. Del. 2013) (concluding that the mere fact that debtors may not be able to pay creditor's 503(b)(9) claim did not support the necessity of immediate payment, especially when such immediate payment would unduly prejudice the debtors) (citing *In re Bookbinders' Restaurant, Inc.*, No. 06-12302, 2006 WL 3858020, (Bankr. E.D. Pa. Dec. 28, 2006); and *In re Global Home Prods. LLC*, No. 06-10340, 2006 WL 3791955 (Bankr. D. Del. Dec. 21, 2006*)); Bookbinders' Restaurant*, 2006 WL 3858020, at *4 (finding that "[t]he text of § 503(b)(9) neither states nor even implies that allowance of the expense encompasses an unqualified right to immediate payment . . . [n]or does the text of the provision suggest that an administrative expense allowed under § 503(b)(9) is to be treated in a more favorable manner than any other allowed § 503(b) administrative expense"); *Global Home Prods. LLC,* 2006 WL 3791955 (finding that a 503(b)(9) claimant was not due immediate payment of his claim).

Apr. 11, 2013) (providing for procedures to file Twenty-Day Claims through the normal proof of claim process); *In re Harry & David Holdings, Inc.*, No. 11-10884 (MFW) (Bankr. D. Del. Apr. 26, 2011) (providing procedures to assert Twenty-Day Claims and prohibiting the Twenty-Day Claimants from filing motions to seek payments of their claims outside procedures established by the Court); *In re Smurfit-Stone Container Corp.*, No. 09-10235 (BLS) (Bankr. D. Del. Mar. 10, 2009) (same); *In re Aegis Mortgage Corp.*, No. 07-11119 (BLS) (Bankr. D. Del. Nov. 26, 2007) (providing for procedures to file Twenty-Day Claims through the normal proof of claim process).

## NOTICE

15.  Notice of this motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates; (c) counsel to Standard General L.P. and its affiliates; (d) counsel to U.S. Bank, N.A., in its capacity as the trustee under the indenture governing the Debtors' secured notes; (e) Milbank, Tweed, Hadley & McCloy LLP, as counsel to an ad hoc group of noteholders; (f) counsel to Wilmington Trust, National Association, as agent to the lenders under the Debtor-in-Possession Agreement and as administrative agent for the Debtors' ABL Facility; and (g) the Internal Revenue Service and the Securities and Exchange. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16.     No previous request for the relief sought herein has been made to this Court or any other court.

**[Remainder of page intentionally left blank]**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>.

Dated: October 5, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302-652-4400
Email:  ljones@pszjlaw.com
        joneill@pszjlaw.com
        jmulvihill@pszjlaw.com

and

JONES DAY
Richard L. Wynne (CA Bar No. 149504)
Erin N. Brady (CA Bar No. 215038)
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539
Email:       rlwynne@jonesday.com
             enbrady@jonesday.com

and

Scott J. Greenberg (NY Bar No. SG-2881)
222 East 41st Street
New York, NY 10017
Telephone:   (212) 326-3939
Facsimile:   (212) 755-7306
Email:       sgreenberg@jonesday.com

Proposed Co-Counsel for the Debtors and Debtors in Possession

- 10 -

DOCS_DE:202208.1 03636/001

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | Case No. 15-12055 (___) |
| Debtors. | (Joint Administration Requested) |

## ORDER ESTABLISHING PROCEDURES TO RESOLVE CLAIMS ARISING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE

The Court has considered the Debtors' *Motion for an Order Establishing Procedures to Resolve Claims Arising Under Section 503(b)(9) of the Bankruptcy Code* (the "Motion").[2] The Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All claims under section 503(b)(9) of the Bankruptcy Code (the "<u>Twenty Day-Claims</u>"), shall be asserted and determined in accordance with the following procedures (the "<u>503(b)(9) Procedures</u>"):

    (a) All Twenty-Day Claims shall be filed by the General Bar Date, which will be set for all prepetition claims in these cases by a subsequent order of the Court, and in accordance with Bankruptcy Rules 3002 and 3003.

    (b) Twenty-Day Claimants shall utilize the proof of claim form to be developed by the Debtors in connection with the general bar date process, which form will permit all parties to assert the amount and priority of their claims (including priority under section 503(b)(9) of the Bankruptcy Code) in one standardized form.

    (c) The Twenty-Day Claimants shall <u>not</u> file motions to compel allowance or payment of administrative expenses for their Twenty-Day Claims or schedule a hearing to consider such claims. All motions or other proceedings initiated by Twenty-Day Claimants to assert rights related to Twenty-Day Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with the 503(b)(9) Procedures or those the Debtors already have consensually resolved, are stayed and the Twenty-Day Claims asserted therein shall be resolved exclusively by the 503(b)(9) Procedures.

    (d) Consistent with section 502(a) of the Bankruptcy Code, all timely filed Twenty-Day Claims shall be deemed accepted and allowed unless objected to by the Debtors or any other party in interest pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 or in accordance with further procedures for addressing claims as may be established by the Court ("Claims Procedures"). If such an objection to a Twenty-Day Claim is filed, such claim shall be adjudicated and allowed in accordance with the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules and any
Claims Procedures established by the Court.

    (e)    To the extent that a Twenty-Day Claim is allowed, the claim shall be paid pursuant to, and as set forth in, the applicable chapter 11 plan confirmed by the Court.

3.     The Procedures are the sole and exclusive method for creditors to assert, seek determination of and obtain payment of the Twenty-Day Claims. Except as otherwise provided herein, all Twenty-Day Claimants are prohibited from seeking any other means for the allowance or treatment of their Twenty-Day Claims, unless leave is specifically granted by the Court.

4.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

5.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____       _____
    Wilmington, Delaware                 UNITED STATES BANKRUPTCY JUDGE