# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| AMERICAN APPAREL, INC., *et al.*,[1] | : |
| | : Case No. 15-12055 (BLS) |
| Debtors. | : (Jointly Administered) |
| | : |
| | : Related to Docket No. 5 |

### INTERIM ORDER GRANTING DEBTORS' MOTION FOR ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS

The Court has considered the motion of the Debtors for interim and final orders authorizing, but not directing, the Debtors (i) to pay, in the ordinary course of business, the prepetition claims of certain Critical Vendors and (ii) authorizing financial institutions to honor all related checks and electronic payment requests (the "Motion").[2] The Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

DOCS_DE:202207.3 03636/001

Date 10/6/15
Docket # 73

fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis.

2. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to the requirements imposed on the Debtors' under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

3. The Debtors are authorized, but not required, to pay, in their discretion, subject to the DIP Order and the DIP Documents, and in the ordinary course of their businesses, the Critical Vendor Claims in an aggregate amount not to exceed the Interim Cap Amount of $4 million. Nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant.

4. The Debtors may require, and will exercise their good faith efforts to obtain, a Trade Agreement substantially in the form of the letter attached as <u>Exhibit A</u> to the Motion, whereby a Critical Vendor agrees to: (i) the continuance of the parties' existing business relationship; (ii) other business terms on a postpetition basis consistent with past practices, including the pricing of goods and services and the provision of equivalent levels of

service, on terms at least as favorable as those extended in the normal course prior to the Petition Date, or on such other terms that are acceptable to the Debtors; and (iii) the release to the Debtors of goods or other assets owned by the Debtors in the Critical Vendor's possession, if any (collectively, the "Trade Terms"). The Trade Terms shall be applicable throughout the pendency of the Debtors' chapter 11 cases.

5. If a Critical Vendor that has executed a Trade Agreement accepts a Critical Vendor Payment and fails to provide the Debtors with the requisite Trade Terms specified therein, then, subject to further Court approval, (i) any Critical Vendor Payment received by the Critical Vendor may be deemed by the Debtors as an unauthorized postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either, at the Debtors' option (a) seek to recover from the Critical Vendor in cash or (b) apply against any outstanding administrative claim held by such Critical Vendor and (ii) upon recovery of any Critical Vendor Payment, the corresponding prepetition claim of the Critical Vendor will be reinstated in the amount recovered by the Debtors.

6. The Banks are authorized, when requested by the Debtors in the Debtors' discretion, to receive, process, honor and pay all postpetition checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to Critical Vendor Claims, provided that funds are available in the Debtors' accounts to cover such checks and fund transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

7. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any

grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim against the Debtors is a Critical Vendor Claim or that any Vendor is a Critical Vendor.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

9. Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

12. Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on the Notice Parties no later than 10/26, 2015, 4:00 p.m., prevailing Eastern Time.

13. A final hearing to resolve any objections to the relief sought in the Motion shall be conducted on November 2, 2015 at 10 a.m., prevailing Eastern Time.

Dated: Oct 6, 2015
Wilmington, Delaware

Honorable Brendan L. Shannon
United States Bankruptcy Judge

4

# Exhibit A

TO: [Critical Vendor/Service Provider]
[Name]
[Address]

Dear Valued Supplier/Service Provider:

As you are aware, American Apparel, Inc. and its subsidiaries (collectively, the "Debtors")1 filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") on October 5, 2015 (the "Petition Date"). On the Petition Date, in recognition of the importance of their relationship with vendors and suppliers and their desire that the Chapter 11 Cases have as little effect on such parties as possible, the Debtors requested the Bankruptcy Court's approval to pay the prepetition claims of certain critical vendors and suppliers. On [    ], 2015, the Bankruptcy Court entered an interim order (the "Order") authorizing the Debtors, under certain conditions, to pay the prepetition claims, in accordance with the terms of the Order, of certain trade creditors that agree to the terms set forth below and agree to be bound by the terms of the Order. A copy of the Order is enclosed for your reference. The Debtors have asked the Bankruptcy Court to schedule a final hearing and thereafter grant the relief provided in the Order on a final basis.

Under the Order, in order to receive payment of its prepetition claim, the Debtors may request that you continue to supply goods and/or services to the Debtors based on "Trade Terms." In the Order, Trade Terms are defined as (i) the continuance of the parties' existing business relationship; (ii) other business terms on a postpetition basis consistent with past practices, including the pricing of goods and services and the provision of equivalent levels of service, on terms at least as favorable as those extended in the normal course prior to the Petition Date, or on such other terms that are acceptable to the Debtors; and (iii) the release to the Debtors of goods or other assets owned by the Debtors in your possession, if any.

In addition, under the Order, in order to receive payment of its prepetition claim, you must agree to continue to supply goods and/or services to the Debtors' non-Debtor affiliates based on "Existing Trade Terms." Existing Trade Terms are defined as those trade terms in place on the Petition Date between you and the applicable non-Debtor affiliate(s).

For purposes of administering this trade program (the "Trade Program"), as authorized by the Bankruptcy Court and in accordance with the terms of the Order, the Debtors and [Name of Trade Vendor] agree as follows (the "Agreement"):

---

1 The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California 90021.

(a) Based on the Debtors' books and records, the estimated balance of the prepetition trade claim (net of any setoffs, credits or discounts) (the "Trade Claim") of [Name of Trade Vendor] is $_____.

(b) The Debtors shall pay $_____ towards the Trade Claim (the "Payment").

(c) [Name of Trade Vendor] agrees to supply goods/services to the Debtors in accordance with the Trade Terms, and the Debtors agree to pay [Name of Trade Vendor] in accordance with such Trade Terms.

(d) The Trade Terms that [Name of Trade Vendor] will extend to the Debtors for shipment of postpetition goods/services is net 45 days.

(e) [[Name of Trade Vendor] agrees to supply goods/services to the Debtors' non-Debtor affiliates in accordance with the Existing Trade terms.]

(f) In **consideration** for the Payment, you agree not to file or otherwise assert against any or all of the Debtors, their estates or any other person or entity or any of their respective assets or property (real or personal) any lien (a "Lien") or, except as otherwise agreed with the Debtors, any claim on account of your Trade Claim or related in any way to any remaining prepetition amounts allegedly owed to you by the Debtors arising from agreements or other arrangements entered into prior to the Petition Date, any claim for reclamation or claim under Bankruptcy Code section 503(b)(9), regardless of the statute or other legal authority upon which such Lien or claim may be asserted, and, to the extent you have already obtained or otherwise asserted such a Lien or claim, you shall take (at your own expense) whatever actions are necessary to remove such Lien or withdraw such claim.

(g) Unless **you** and the Debtors agree otherwise, any payments received pursuant to this Trade Agreement shall be applied to outstanding prepetition invoices in reverse chronological order, such that payments are first applied to the most recent outstanding invoices.

Your execution of this Agreement and return of the same to the Debtors constitutes an agreement by [Name of Trade Vendor] and the Debtors:

to be bound by the Trade Terms and, subject to the reservations set forth in the Order, to the amount of the Payment set forth above;

that [Name of Trade Vendor] will continue to supply the Debtors with goods and/or services pursuant to the Trade Terms (as may be modified herein) and that the Debtors will pay for such goods and/or services in accordance with the Trade Terms (as may be modified herein);

[that [Name of Trade Vendor] will continue to supply the Debtors' non-Debtor affiliates with goods and/or services pursuant to the Existing Trade Terms;]

that [Name of Trade Vendor] has reviewed the terms and provisions of the Order and that it consents to the bound by such terms, except as may be modified herein;

that, except as otherwise agreed by the Debtors and [Name of Trade Vendor], the Payment shall be in complete satisfaction and release of all prepetition claims of [Name of Trade Vendor] and [Name of Trade Vendor] will not separately file a proof of claim or seek payment on account of its Trade Claim or related in any way to any remaining prepetition amounts allegedly owed to [Name of Trade Vendor] by the Debtors arising from agreements or other arrangements entered into prior to the Petition Date;

that if [Name of Trade Vendor] accepts a Payment and fails to provide the requisite Trade Terms, then, subject to further Court approval, (i) any Payment received by [Name of Trade Vendor] may be deemed by the Debtors as an unauthorized postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either, at the Debtors' option (a) seek to recover from [Name of Trade Vendor] in cash or (b) apply against any outstanding administrative claim held by [Name of Trade Vendor] and (ii) upon recovery of any Payment, the corresponding prepetition claim of [Name of Trade Vendor] will be reinstated in the amount recovered by the Debtors ; and

The Debtors and [Name of Trade Vendor] also hereby agree that any dispute with respect to this Agreement, the Order and/or [Name of Trade Vendor]'s participation in the Trade Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call [Contact Person] at (\_\_\_) \_\_\_-\_\_\_\_.

                           Very truly yours,

                           American Apparel, Inc.

                           By:
                           Name:
                           Title: