TO: The Honorable Brendan L Shannon, United States Bankruptcy Judge
United States Bankruptcy Court District of Delaware
824 N. Market St., Wilmington, Delaware 19801

FROM: Lt Col Matthew Lewin, United States Air Force Officer & American Apparel Stockholder
39 Saint Andrews Rd, Severna Park, Maryland 21146

SUBJECT: Objection to American Apparel Bankruptcy Plan – Case Number 15-12055 (BLS)

Dear Judge Shannon:

    Please accept this letter as my formal objection to the proposed American Apparel Bankruptcy plan. Prior to presenting my reasoning however, I find it sensible to provide a bit of background information. For the past 18 years, I have faithfully served our nation as an Officer in the United States Air Force (USAF). My desire to pursue a lifetime of service began in my youth, as I trekked across the country each summer visiting national landmarks which revealed an unbiased history of this nation. My parents exposed me to a cornucopia of individuals who suffered in the pursuit of an inclusive nation, where all genders and races could pursue their interests unhindered by bias. I began to develop a strong set of core values revolving around: 1) equality for all, 2) opportunity for each, and 3) the freedom to pursue one's interests unconstrained by bigotry. These values drove me to gain a Sociology/Pre-Law degree from the University of Illinois, where I also graduated as the #1 graduate in the USAF Reserve Officer Training Corps.

    Over the next 18 years, I would defend this nation and those core values while learning to live frugally. I slowly amassed a simple retirement savings, amounting to ~$150K (I held another ~$30K in the government's Thrift Savings Plan). After years of investing in broad mutual funds, I felt compelled to more directly align my capital with a corporation(s) holding similar values. I initiated research around the end of 2014 and learned of an upcoming leadership change within American Apparel. The new CEO (Paula Schneider) was tremendously impressive, with a reassuringly strong track record of turning around other failing apparel companies.[1] More importantly, her ideas for changing a sexist organization into one focused on empowering women was enticing. I was hooked and I became a believer.

    I entered the stock around the $1.00 range and felt this was a long term investment (ala Warren Buffet style). Although I watched the stock slowly pressure down, I continued to believe Ms. Schneider's comments regarding a long-term strategy for a turnaround.[2] By the time the company admitted they

---

[1] October 25, 2015, accessed at
http://www.forbes.com/sites/clareoconnor/2015/01/22/new-ceo-paula-schneider-how-ill-fix-american-apparel/2/.
On January 22, 2015, this article provides an exemplar of a number of articles I read regarding Ms. Schneider from December 2014 through January 2015. For example, in this treatise the author states, "This isn't Schneider's first time at the helm of a turnaround. As president of Warnaco, which makes swimsuits for Speedo and Calvin Klein among others, she oversaw a 25% increase in direct operating profit in two years. In her next gig at junior sportswear company Big Strike, Schneider increased revenues by 19% between 2010 and 2012."

[2] October 25, 2015, accessed at
http://www.huffingtonpost.com/summer-noble/out-dov-charney-in-paula-_b_7066772.html. On April 15, 2015, the author quoted Ms. Schneider as saying, "This is an edgy brand, and we have to get past the idea that it's just a clothing brand. Our customers expect social commentary...This is a company that needed tweaking...better planning and forecasting...My goal is to make AA a better company, while staying true to its core values of quality and creativity and preserving its sweatshop-free, made in the USA manufacturing philosophy."

might be on the road to insolvency, it was essentially too late for me. Worse yet, I was shocked when prior to the October interest payment, it all fell apart. The previous comments from the company were dire, but they spoke of a 12 month time horizon, not two months.[3] As such, I intended to keep supporting Ms. Schneider's efforts throughout the end of Calendar Year 2015, while keeping a watchful eye on the company's fiscal situation. Instead, I awoke to the announcement of an American Apparel Chapter 11 Bankruptcy filing and a plan to eliminate all shareholders interests without any compensation or equity in the new corporation. I was devastated!

### *OBJECTION #1*

With the above in mind, my first objection to this plan is simple; for those few shareholders who were not "day traders", but invested in the totality of this corporate turnaround there should be some compensation, not financial ruin. To watch a new corporation arise from the ashes of my lost equity is reprehensible and the ultimate insult. Instead I argue, the new corporation should extend some remuneration to those true stock "investors" who bought in around the time of Ms. Schneider's approval, and remained invested through the end. Most desirous would be to receive a portion of ownership in the new private firm. At a minimum, these shareholders should receive some form of payment as compensation for their support of what was touted as (and we believed would be) the rebirth of a truly American value based corporation. I appeal to your empathy to achieve a moderate solution through this hearing; one which protects folks like me from financial devastation and/or allows us to remain associated with this potential American turnaround.

### *OBJECTION #2*

Although the above plea for equitable distribution to stockholders like me is based purely upon humanistic reasoning, there is a legalistic objection as well. The basis for this claim is found in Section VII, sub section B, of Document 129 (dated 15 October 2015) titled, *DISCLOSURE STATEMENT FOR JOINT PLAN OF REORGANIZATION PROPOSED BY THE DEBTORS AND DEBTORS IN POSSESSION*, which states:

*"Among the requirements for Confirmation of the Plan are that the Plan (1) is accepted by all impaired Classes of Claims and Interests or, if rejected by an impaired Class, that the Plan "does not discriminate unfairly" and is "fair and equitable" as to such Class; (2) is feasible; and (3) is in the "best interests" of creditors and stockholders that are impaired under the Plan."*

The crucial commentary is found in item number (3). If per bankruptcy law, a plan cannot be confirmed unless it, "is in the 'best interests' of creditors and **stockholders** that are impaired under the Plan.", I find no logical argument which ties "best interests" together with the complete elimination of my equity stake within the company. Ipso facto, the plan cannot be approved as written. In my assessment of the above language, the stockholders would require some form of compensation to achieve this legal requirement and allow plan approval. If the court finds it reasonable to accept the "best interest" of stockholders as elimination of their shares without compensation, I hope the logic behind that decision is clearly

---

[3] October 25, 2015, accessed at http://fortune.com/2015/08/17/american-apparel-bankruptcy/. On August 17, 2105, the author highlights American Apparel as identifying the possibility of business not substantially improving across the following four quarters. The company is then quoted as stating, "We believe that we may not have sufficient liquidity necessary to sustain operations for the next twelve months." They certainly did not say they would be insolvent in 2 months.

articulated to those of us left holding an empty bag. Especially so, if we must watch others benefit from the rebuilding of a new American Apparel.

In sum, it's hard to stomach losing $150K due to a misguided assessment of a leadership team's ability to raise a corporation from a proverbial scandal ridden ash heap. However, it becomes unconscionable if that same leadership team is allowed to transmute the corporation and rebuild a brand without extending some fiscal association to those loyal stockholders. To be fair, I do fully recognize my responsibility as an investor in the acceptance of risk, and I realize I may walk away from this experience without any recompense. However, I believe at a minimum there are a small number of stock "investors" who have been loyal and could be consummated as a part of whatever entity arises from this plan. In addition, I believe the law provides plan approval only once the stockholders "best interests" have been met. Losing our entire investment would be hard to accept as our "best interests".

In closing, if you have arrived at the end of this letter I want to thank you for your consideration of one person's opinion and request. I realize any decision of this magnitude requires tremendous legal assessment. Ultimately, I have faith in our judiciary system and am comfortable leaving the fate of this decision with those burdened to make the difficult judiciary choices.

Respectfully,

*[signature]*

MATTHEW E. LEWIN, Lt Col, USAF

cc:
1) Debtors: c/o American Apparel, Inc., 747 Warehouse St., Los Angeles, California 90021, Attn: Chelsea Grayson, Esq. and Lance Miller, Esq.
2) Counsel to the Debtors: Jones Day, 555 S. Flower St., 50th Floor, Los Angeles, California 90071, Attn: Richard L. Wynne, Esq. and Erin N. Brady, Esq., and 222 East 41st St., New York, New York 10017, Attn: Scott J. Greenberg, Esq. and Michael J. Cohen, Esq., and Pachulski Stang Ziehl &Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. and James E. O'Neill, Esq.
3) The Office of the United States Trustee for the District of Delaware: 844 Kind St., Suite 2207, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq. and Natalie M. Cox, Esq.
4) Counsel to the Creditors' Committee and Counsel to Standard General L.P, and its affiliates: Debevoise &Plimpton LLP, 919 Third Ave., New York, New York 10022, Attn: M.Natasha Labovitz, Esq., and Young Conaway Stargatt &Taylor LLP, One Rodney Square, 1000 N. King St., Wilmington, Delaware 19801, Attn: Joseph M. Barry, Esq.
5) Counsel to the Committee of Lead Lenders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Ave., New York, New York 10005, Attn; Gerald Uzzi, Esq. and Bradley Scott Friedman, Esq., and Fox Rothschild I,LP, 919 N, Market St., Suite 300, Wilmington, Delaware 19801, Attn: Jeffrey M. Schlerf, Esq. and L. John Bird, Esq.
6) Counsel to U.S. Bank National Association, in its capacity as the trustee under the indenture governing the Debtors' secured notes, Shipman &Goodwin LLP, One Constitution Plaza, Hartford, Connecticut 06103, Attn: Ira H. Goldman, Esq.
7) Counsel to Wilmington Trust, National Association, as DIP Agent and administrative agent under the Debtors' Prepetition ABL Facility, Covington &Burling LLP, 620 Eighth Ave., New York, New York 10018, Attn: Ronald Hewitt, Esq. and R. Alexander Clark, Esq., and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market St., Wilmington, Delaware 19899, Attn: David B. Stratton, Esq. and David M. Fournier, Esq.