UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

In re:

AMERICAN APPAREAL, INC., *et al.*,

Debtors.

---

Chapter 11
Case No. 15-12055 (BLS)
(Jointly Administered)

Re: Docket No. 234

**LIMITED OBJECTION OF S&H EQUITIES (NY) INC. TO DEBTORS'
SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF
NON-RESIDENTIAL REAL PROPERTY**

S&H Equities (NY) Inc., as managing agent for Orchard/Houston, LLC, by and through its undersigned counsel, as and for its limited objection to the second omnibus motion (the "Motion") of American Apparel, Inc., *et al.*, the debtors and debtors-in-possession herein (collectively, the "Debtors"), for entry of an Order authorizing the Debtors to reject certain unexpired leases of nonresidential real property, and respectfully represents and alleges as follows:

1. Orchard/Houston, LLC is the landlord under multiple written lease agreements with debtor American Apparel Inc., as tenant, concerning certain commercial premises located at 183 E. Houston Street, New York, New York 10002, at which the Debtors had operated a retail store (the "Premises").[1]

2. Orchard/Houston, LLC acknowledges that the Debtors surrendered possession of the Premises on Saturday, October 31, 2015, by delivering the keys to the Premises

---

[1] By way of the Motion, the Debtors seem to refer to the existence of a single lease (*i.e.*, the "Lower East Side Lease") regarding the Premises running from March 7, 2004 through August 31, 2019. The Premises actually consist of four (4) separate spaces which the Debtor leased from Orchard/Houston, LLC and combined into a single store. Each space is the subject of a separate lease agreement and/or an amendment to a lease agreement. Copies of the current lease agreements are attached hereto as *Exhibit "A"*. Orchard/Houston, LLC assumes that the Debtors are seeking to reject each of the lease agreements concerning the Premises.

to Orchard/Houston, LLC (via overnight mail) on that date. Although all of the Debtors' inventory had been removed from the Premises at that time, the Debtors left behind a substantial amount of furniture (*e.g.*, desks, chairs, benches, etc.), store fixtures (*e.g.*, display cases, shelving, racks, bins, etc.) and other items (*e.g.*, mannequins, debris and miscellaneous items) within the Premises.

   3. Orchard/Houston, LLC does not object to the Debtors' rejection of the lease agreements with regard to the Premises effective as of October 31, 2015 nor does Orchard/Houston, LLC object to the Debtors abandonment of any "Remaining Property" of the Debtors left within the Premises.

   4. However, as of the date hereof, the Debtors have not paid Orchard/Houston, LLC any amounts on account of their post-petition use and occupancy of the Premises for the period October 5, 2015 through October 31, 2015. Pursuant to the underlying lease agreements, the base rent obligations owed by the Debtors to Orchard/Houston, LLC for this period (as administrative expenses) total $69,184.35 (the "Administrative Rent"). Orchard/Houston, LLC had requested that the Debtors pay the Administrative Rent simultaneously with their surrender of possession of the Premises. However, in response, the Debtors' counsel advised that none of the Administrative Rent would be paid until the time that the Debtors exit chapter 11.

   5. Orchard/Houston, LLC respectfully submits that the Debtors' refusal to immediately pay the Administrative Rent due is unjustified and improper. There is no dispute that the Debtors used and occupied the Premises from October 5, 2015 through October 31, 2015 during which time the Debtors, among other things, stored certain of their inventory and other personal property assets within the Premises. No reasonable explanation has been provided by

the Debtors as to their refusal to pay the Administrative Rent at this time as opposed to the conclusion of this case.

      6.      Accordingly, Orchard/Houston, LLC would respectfully request that any Order entered by this Court authorizing the Debtors' rejection of the lease agreements with regard to the Premises also contain a provision directing the Debtors to immediately pay the Administrative Rent owed to Orchard/Houston, LLC.[2]

Dated: Wilmington, DE
      November 12, 2015

**CROSS & SIMON LLC**

By:   */s/ Kevin S. Mann*
      Christopher P. Simon (No. 3697)
      Kevin S. Mann (No. 4576)
      1105 North Market Street, Suite 901
      Wilmington, Delaware 19801
      (302) 777-4200
      kmann@crosslaw.com

      -and-

**PICK & ZABICKI LLP**
Douglas J. Pick
Eric C. Zabicki
369 Lexington Avenue, 12th Floor
New York, New York 10118
(212) 695-6000

*Counsel to S&H Equities (NY) Inc.*

---

[2] The amounts asserted against the Debtors by Orchard/Houston, LLC herein are limited to the base rent obligations owed for the post-petition period October 5, 2015 through October 31, 2015 and are not intended to, and in fact do not, represent the full indebtedness owed by the Debtors to Orchard/Houston, LLC in connection with the Premises and/or the underlying lease agreements. As such, Orchard/Houston, LLC's request for relief herein is made without prejudice to all other rights and remedies available to Orchard/Houston, LLC, if any, at law or in equity, including but not limited to, its rights, whether asserted or un-asserted, to assert claims on account of the rejection of the lease agreements at issue, on account of the costs associated with the removal of the "Remaining Property" from the Premises and the disposal thereof and/or on account of any other amounts owed under or in connection with the lease agreements at issue and/or the Premises, whether by proofs of claim or application to the Court. All such rights and remedies are hereby expressly reserved.