**Exhibit 1**

**Attorneys**
**Russell R. Johnson III**
**John M. Craig**
**Lindsay K. Biggs**

LAW FIRM OF RUSSELL R. JOHNSON III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone (804) 749-8861
Facsimile (804) 749-8862
Email: russj4478@aol.com

Northern Virginia Office
John M. Craig
14890 Washington Street
First Floor
Haymarket, VA 20169
Phone: (571) 261-5641
Facsimile: (571) 261-5642

November 17, 2015

<u>Via Email</u>

James E. O'Neill, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Email: joneill@pszjlaw.com

*In re American Apparel, Inc., et al.,* Case No. 15-12055 (CSS)
<u>Settlement Offer Pursuant To Rule 408 Of The Federal Rules Of Evidence</u>

Jamie:

As you are aware from our prior communications and the *Objection of Certain Utility Companies To the Motion For Interim and Final Orders Establishing Adequate Assurance Procedures With Respect To Debtors' Utility Providers* (the "Objection"), this firm represents Consolidated Edison Company of New York, Inc. ("Con Ed"), Georgia Power Company ("Georgia Power"), Public Service Electric and Gas Company ("PSE&G"), San Diego Gas & Electric Company ("SDG&E") and Southern California Edison Company ("SCE") (collectively, the "Utilities") concerning their requests for adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code. The Utilities have authorized this firm to make the following settlement offer to resolve their requests for adequate assurance of payment, as follows:

1.  <u>Con Ed</u>

Con Ed holds cash deposits that it will recoup against prepetition debt pursuant to Section 366(c)(4) of the Bankruptcy Code, leaving a deposit credit (the "Con Ed Deposit Credit"). The parties agree that they will work diligently to promptly determine the exact amount of the Con Ed Deposit Credit. As adequate assurance of payment for Con Ed, the Debtors consent to allowing Con Ed to transfer the Con Ed Deposit Credit to the Debtors' post-petition accounts with Con Ed to serve as Con Ed's post-petition deposit pursuant to Section 366(c) of the Bankruptcy Code.

November 17, 2015
Page 2

## II. SCE

SCE held a prepetition cash deposit of $428,205 that it recouped against prepetition debt, leaving a deposit credit of $151,655 (the "SCE Deposit Credit"). As adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code with respect SCE, the Debtors shall provide SCE with a one-month deposit in the amount of $204,985, which shall be paid as follows: (1) the SCE Deposit Credit shall be moved to the Debtors' post-petition accounts with SCE; and (2) the Debtors shall provide SCE with a payment of $53,330 ($204,985 - $151,655) that shall be sent to the following person and address on or before November 25, 2015:

> Southern California Edison Company
> Attn: Margarita Gevondyan, Esq.
> Southern California Edison Law Department
> 2244 Walnut Grove Avenue
> Rosemead CA 91770

## III. Utilities Other Than CES and SCE

A.  On or before November 25, 2015, the Debtor shall provide the following one-month cash deposits to the following Utilities as adequate assurance within the meaning of Section 366(c) of the Bankruptcy Code, and send them to the following persons and addresses:

1. Georgia Power Company - $2,550
   Attn: Jim Maynard
   2500 Patrick Henry Parkway
   McDonough, GA  30253

2. Public Service Electric and Gas Company - $5,899
   Attn: Suzanne Klar, Esq.
   80 Park Plaza, T5D
   Newark, NJ  07102-0570

3. San Diego Gas & Electric Company - $8,144
   Attn: A.J. Moreno
   Bankruptcy Specialist
   8326 Century Park Court
   San Diego, CA 92123

## IV. Terms Applicable to All of the Utilities

A.  If the Debtors fail to tender the Deposit payments required by this agreement, the applicable Utility can terminate service to the Debtors after providing the Debtors and their counsel with written notice of the Deposit payment default and five (5) business days to cure the default (the "Cure Period"). If the Debtors cure the Deposit payment default within the Cure Period, Met Ed cannot terminate service for the Deposit payment default. The notices required by this paragraph shall be sent via email to:

November 17, 2015
Page 3

    1.    Laura Davis Jones, Esq.
         James E. O'Neill, Esq.
         Joseph M. Mulvihill, Esq.
         Pachulski Stang Ziehl & Jones LLP
         919 North Market Street, 17th Floor
         P.O. Box 8705
         Wilmington, Delaware 19899-8705
         Email: ljones@pszjlaw.com
                 joneill@pszjlaw.com
                 jmulvihill@pszjlaw.com

    2.    A person designated by the Debtors, who shall be identified with contact information, including email address, in the correspondence returning an executed version of this letter agreement. If the Debtors fail to provide the foregoing contact person and information, notices shall be sufficient if sent to Debtors' counsel.

    B.    The Debtors shall pay all undisputed post-petition bills received from the Utilities for post-petition utility charges on or before the applicable due date on the invoice, which is a due date in accordance with applicable state laws, regulations, tariffs or contract.

    C.    If the Debtors no longer require service at an account, they shall contact the applicable Utility and request that service be terminated to that account. After a post-petition account is closed and all post-petition bills for that account are paid in full, the applicable Utility shall promptly refund any remaining cash Deposit on that account to the Debtors.

    D.    The Debtors shall provide the Utilities with advance written notice as to when they will no longer require utility goods/services from the Utilities that shall be received by the applicable Utility at least three (3) business days prior to the Debtors no longer require utility goods/services from the applicable Utility.

    E.    The Utilities shall not have access to the Debtors' proposed adequate assurance account in the Utility Motion, and the Debtors shall not have to deposit any cash into such account for the Utilities.

    F.    The terms of the Final Utility Order shall not apply to the Utilities. Upon receipt of an executed copy of this letter agreement, the Utilities shall withdraw the Objection, as settled.

    G.    This settlement letter must be accepted via writing or email on or before 6:00 p.m. today.

November 17, 2015
Page 4

      Please acknowledge the Debtors' agreement to resolve the Utilities' adequate assurance requests pursuant to the above-terms by signing this letter on the space set forth below and returning a signed copy to me via email.

                                          Sincerely,

                                          John M. Craig

**SEEN AND AGREED:**

_____
Laura Davis Jones, Esq.
James E. O'Neill, Esq.
Joseph M. Mulvihill, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
*Debtors' Counsel*

Cc: Russell R. Johnson III