## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN APPAREL, INC., | : Case No. 15-12055 (BLS) |
| | : |
| Reorganized Debtor. | : (Jointly Administered) |
| | : |
| Tax I.D. No. 20-3200601 | : |
| In re: | : Chapter 11 |
| | : |
| AMERICAN APPAREL (USA), LLC, | : Case No. 15-12057 (BLS) |
| | : |
| Reorganized Debtor. | : (Jointly Administered) |
| | : |
| Tax I.D. No. 26-2368940 | : |
| In re: | : Chapter 11 |
| | : |
| AMERICAN APPAREL RETAIL, INC., | : Case No. 15-12058 (BLS) |
| | : |
| Reorganized Debtor. | : (Jointly Administered) |
| | : |
| Tax I.D. No. 72-1577829 | : |
| In re: | : Chapter 11 |
| | : |
| AMERICAN APPAREL DYEING & FINISHING, INC. | : Case No. 15-12059 (BLS) |
| Reorganized Debtor. | : (Jointly Administered) |
| | : |
| Tax I.D. No. 41-2150324 | : |
| In re: | : Chapter 11 |
| | : |
| KCL KNITTING, LLC, | : Case No. 15-12060 (BLS) |
| | : |
| Reorganized Debtor. | : (Jointly Administered) |
| | : |
| Tax I.D. No. 95-4819518 | : |

1

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| FRESH AIR FREIGHT, INC., | : Case No. 15-12061 (BLS) |
| | : |
| Reorganized Debtor. | : (Jointly Administered) |
| | : |
| Tax I.D. No. 45-0533870 | : |

## FINAL DECREE CLOSING THE CHAPTER 11 CASES

Upon the motion (the "Motion") of APP Winddown, LLC for the entry of a final decree (this "Final Decree")[1] closing these chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of APP Winddown, LLC, the estates of the above-captioned debtors (collectively, the "Debtors"), the creditors of the Debtors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2.      The following chapter 11 cases of the Debtors are hereby closed; *provided* that this Court shall retain jurisdiction as provided in paragraph 69 of the *Findings of Fact, Conclusions of Law and Order Confirming Pursuant to Section 1129(a) and (b) of the Bankruptcy Code the First Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession* [Docket No. 687] (the "Confirmation Order"):

| Debtor | Case No. |
| --- | --- |
| American Apparel, Inc. | 15-12055 |
| American Apparel (USA), LLC | 15-12057 |
| American Apparel Retail, Inc. | 15-12058 |
| American Apparel Dyeing & Finishing, Inc. | 15-12059 |
| KCL Knitting, LLC | 15-12060 |
| Fresh Air Freight, Inc. | 15-12061 |

3.      Entry of this Final Decree is without prejudice to (a) the rights of the Debtors, the Litigation Trust, or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Post-Confirmation Debtors, the Litigation Trust, or the Creditors' Fund Trustee (as defined in the Plan of Liquidation) to dispute, in an appropriate forum (including in this Court if these cases are reopened), all claims that were filed against the Debtors in these chapter 11 cases as contemplated by the Plan of Reorganization, the Confirmation Order and (as appropriate) the Plan of Liquidation.   Notwithstanding anything to the contrary contained in the Plan of Reorganization, any failure of the Debtors or the Litigation Trust to file an objection to any claim in these chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the plan) against any Debtor.

4.      The Post-Confirmation Debtors shall, on or before 30 days after entry of this Final Decree:  (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee.  Entry of this Final Decree is without

3

prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5.    The Post-Confirmation Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

6.    Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

7.    Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors, their successors, or the Post-Confirmation Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Debtors, their successors, the Post-Confirmation Debtors, the Litigation Trust or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) to affect the rights of the Litigation Trust with respect to the Litigation Trust Assets as provided in the Plan of Reorganization, the Confirmation Order and the Litigation Trust Agreement; (f) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' or the Debtors' estates; (g) a waiver of any claims or causes of action which may exist against any entity; or (h) a waiver or limitation of the rights of the Debtors, their successors, the Post-Confirmation Debtors, the Litigation Trust or any other parties in interest under the Bankruptcy Code or any other applicable law.

4

8.      Any pending claims objections that have not been resolved by the entry of a final order or withdrawn prior to the date of this Final Decree shall be deemed withdrawn without prejudice by the entry of this Final Decree, subject to the right of the Litigation Trust to pursue any such claims objections if the case is reopened.

9.      Nothing in this Order shall authorize APP to destroy any data, documents, records, or any other materials (collectively, the "Materials").  All Materials are deemed to relate to, and shall be governed by and administered under, APP's 2016 chapter 11 cases, *In re APP Winddown, LLC, et al.*, jointly administered as Case No. 16-12551 (BLS) (the "Current Cases"), and any destruction of any, some, or all of the Materials shall occur only after (i) notice and an opportunity to be heard is provided to litigants Dov Charney and Adrian Kowalewski, pursuant to agreement on the record at the May 15, 2019  hearing before this Court in the Current Cases, and (ii) the entry of an order of this Court.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

Dated: ___June 26___, 2019
       Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:224094.2 03636/001