**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN APPAREL, INC., *et al.*,[1] | : | Case No. 15-12055 (BLS) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

**MOTION OF LITIGATION TRUST FOR ENTRY OF AN
ORDER (I) REOPENING THE DEBTORS' BANKRUPTCY CASE,
(II) EXTENDING THE TERMINATION DATE OF THE LITIGATION TRUST,
(III) CLOSING THE DEBTORS' BANKRUPTCY CASE AFTER EXTENSION
OF THE TERMINATION DATE AND (IV) GRANTING RELATED RELIEF**

Peter Kravitz, as Litigation Trustee (the "Trustee") of the AAI Litigation Trust (the "Litigation Trust") formed pursuant to the *First Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession*, by and through undersigned counsel, hereby moves this Court pursuant to sections 105(a) and 350(b) of chapter 11 of title 11 of the United States Code 11 U.S.C. § 101 *et. seq*. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 5010 and 9006 for entry of an order (i) Reopening the Debtors' Bankruptcy Case, (ii) Extending the Termination Date of the Litigation Trust, (iii) Closing the Debtors' Bankruptcy Case After Extension of the Termination Date and (iv) Granting Related Relief (the "Motion").  In support of the Motion, the Trustee states as follows:

---

[1] The Reorganized Debtors in this case are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  American Apparel, Inc. (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870).  The address of each of the Reorganized Debtors is 747 Warehouse Street, Los Angeles, California 90021.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 and the *Findings of Fact, Conclusions of Law and Order Confirming Pursuant to Section 1128(a) and (b) of the Bankruptcy Code the First Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession* entered in this case on January 27, 2016.  This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2) and the Trustee consents, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested in this Motion are sections 105 and 350(b) of the Bankruptcy Code and Rules 5010 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.      On October 5, 2015 (the "Petition Date"), each of the following six entities filed a voluntary petition for chapter 11 relief in this Court: American Apparel, Inc.; American Apparel (USA), LLC; American Apparel Retail, Inc.; American Apparel Dyeing & Finishing, Inc.; KCL Knitting, LLC; and Fresh Air Freight, Inc. (collectively, the "Debtors").

PHIL1 9119035v.2

5.      On the Petition Date, the Debtors filed the *Joint Plan of Reorganization of the Debtors and Debtors in Possession* [D.I. 21].

6.      On October 6, 2015, the *Order Directing the Joint Administration of the Debtors' Chapter 11 Cases* was entered directing the procedural consolidation and joint administration of the chapter 11 cases of: American Apparel, Inc. (15-12055 BLS); American Apparel (USA), LLC (15-12057 BLS); American Apparel Retail, Inc. (15-12058 BLS); American Apparel Dyeing & Finishing, Inc. (15-12059 BLS); KCL Knitting, LLC (15-12060 BLS); and Fresh Air Freight, Inc. (15-12061 BLS) [D.I. 65]. The docket of American Apparel, Inc. in Case No. 15-12055 BLS was designated as the lead case (the "Bankruptcy Case").

7.      On October 15, 2015, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors of the Debtors (the "Committee") [D.I. 131].

8.      On October 15, 2015, the Debtors filed the *Disclosure Statement for Joint Plan of Reorganization Proposed by the Debtors and Debtors in Possession* [D.I. 129].

9.      On November 20, 2015, the Court entered an *Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan or Reorganization and (IV) Scheduling Hearing on Confirmation of Plan of Reorganization* [D.I. 365] that approved a solicitation process and materials to obtain the votes requisite for confirmation of the Plan.

10.     On January 14, 2016, the Debtors filed their *First Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession* [D.I. 585] (the "Plan") that

3

incorporated agreements by and among the Debtors, the Committee, and certain other parties in interest regarding the terms of a consensual restructuring.

11.     On January 27, 2016, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Pursuant to Section 1128(a) and (b) of the Bankruptcy Code the First Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession* [D.I. 687] (the "Confirmation Order").

12.     On February 5, 2016, the Debtors filed the *Notice of Entry of (I) Order Confirming First Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession and (II) Occurrence of the Effective Date* [D.I. 722] indicating the effective date of the Plan occurred on February 5, 2016 (the "Effective Date").

13.     On November 14, 2016, APP Winddown, LLC (f/k/a American Apparel, LLC), APP USA Windown, LLC (f/k/a American Apparel (USA), LLC), APP Retail Winddown, Inc. (f/k/a American Apparel Retail, Inc.), APP D&IF Winddown, Inc. (f/k/a American Apparel Dyeing & Finishing, Inc.), APP Knitting Winddown, LLC (f/k/a KCL Knitting, LLC) and APP Shipping Winddown, Inc. (f/k/a Fresh Air Freight, Inc.) each filed a voluntary petition for chapter 11 relief in this Court.  These cases were jointly administered under C.A. No. 16-12551 (BLS) (the "2016 Bankruptcy Case").

### The Litigation Trust

14.     Pursuant to Section III.H of the Plan and the Confirmation Order in this Bankruptcy Case, the Litigation Trust was established on the Effective Date for the purpose of prosecuting the Specified Causes of Action[2] as determined by the Trustee and making distributions, if any, to holders of Allowed General Unsecured Claims (in their capacities as Litigation Trust Beneficiaries) in accordance with the terms of the Plan.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

15.     The Plan defined Specified Causes of Action to include causes of action arising before the Petition Date against or related to the conduct of Dov Charney or any of the Excluded Parties; provided that the Specified Causes of Action did not include actions against any of the Released Parties or Exculpated Parties or any post-Effective Date customers, vendors or employees of the Reorganized Debtors.

16.     The Confirmation Order further approved the Litigation Trust Agreement filed as part of the plan supplement.  As of the Effective Date, certain of the Debtors' causes of action ("Trust Assets") were transferred to the Trust for the benefit of the unsecured creditors and Trust beneficiaries ("Trust Beneficiaries").   Certain of the assets transferred to the Trust included claims and causes of action against Dov Charney, the former Chief Executive Officer and member of the Board of Directors of American Apparel, Inc.

17.     Article III.H of the Plan contemplated that the Litigation Trust and the Trustee would each be a "representative" of the Debtors' estates to enforce and pursue Litigation Trust Assets on behalf of the Debtors.

18.     Article X.4 of the Plan provided for retention of jurisdiction by the Bankruptcy Court post-Confirmation and Effective Date to ensure that distributions to holders of claims are accomplished pursuant to the provisions of the Plan, to decide any motions brought after the Effective Date, and to enter and implement such orders as may be necessary or appropriate to implement or enforce the consummation, implementation or enforcement of the Plan or Confirmation Order.

19.     Under the Litigation Trust Agreement, the Litigation Trust is to terminate no later than the fifth year anniversary of the Plan's Effective Date of February 5, 2016, or February 5, 2021 (the "Termination Date") without prejudice to the rights of the Trustee to seek Court

approval to extend such term for an additional finite term subject to obtaining Court approval of such extension based upon a finding that it is necessary of the Litigation Trust to complete is liquidating purpose.

### The Pending State Court Action

20.      Immediately after the Effective Date, the Trustee began investigating potential causes of action on behalf of the Debtors' estates.  The Trustee made efforts to gather information, including requesting documents and information from the Debtors and their professionals. While certain information was obtained initially, the overlay of the 2016 Bankruptcy Case caused delays and interference with the Trustee's receipt of information.

21.      During the course of the Trustee's then-ongoing diligence, on January 12, 2017, this Court entered an *Order (I) Approving the Sale of Stalking Horse Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Granting Related Relief* [Docket No. 491] (the "Sale Order") in the 2016 Bankruptcy Case, which sale with Gildan Activewear, Inc. ("Gildan") subsequently closed.

22.      Over the next several months, the Debtors refused to provide documents without the consent of Gildan, which had obtained certain rights in the Sale Order.  Negotiations with the Debtors, the Trust, and Gildan occurred over many months, the result of which was a communication from the Debtors that while they are willing to comply with the disclosure and cooperation obligations under the Trust Agreement, they desired the entry of an order by this Court compelling them to do so.  As a result, the Trust filed a *Motion to Compel Performance of Reorganized Debtors under the Litigation Trust Agreement and Plan, and for Entry of Protective Order* [Docket No. 1139] on July 6, 2017.  The *Order Compelling Performance of Reorganized*

6

*Debtors under the Litigation Trust Agreement and Plan* was entered on July 26, 2017 [D.I. 1149].

23.     Thereafter, the Trustee obtained certain information from the Debtors, but the installation of a wind-down agent and disputes over confidentiality, privilege, and turning records over to defendants in litigation blocked the Trust's access to records until the document disputes were resolved in connection with motions practice in the Debtors' 2016 Bankruptcy Case in the *Order Approving Motion to Appoint Storage Agent and Establish Supplemental Procedures for Access to Records*, entered on June 29, 2020.

24.     Prior to that time, on April 3, 2018, the Trustee filed a notice of appearance in a state court action styled *Smith v. Charney (In re American Apparel, Inc. Shareholder Derivative Litigation)*, Case No. BC443763 pending before the Superior Court of the State of California, County of Los Angeles (the "State Court Action").  The State Court Action is a Specified Cause of Action assigned to the Trust, which includes claims for breaches of fiduciary duty, corporate waste and gross mismanagement against, among others, Dov Charney ("Charney"), the former Chief Executive Officer and member of the Board of Directors of American Apparel, Inc. (the "Company").

25.     On May 7, 2018, the Trustee filed a Second Amended Complaint in the State Court Action asserting a direct action against Charney.  The Second Amended Complaint describes a continuous pattern of misconduct and breaches of fiduciary duties by Charney for failing to exercise any due care, loyalty or good faith toward the Company while Charney damaged the Company by: (i) engaging in sexual harassment and misconduct; (ii) promoting his personal social agenda on immigration and hiring practices; and (iii) ignoring weaknesses in the

Company's internal controls resulting in the termination and resignation of the Company's two public auditing firms.

26.    The Trustee's involvement in the State Court Action was delayed because the proceeding had been stayed in favor of pending federal litigation brought by shareholders.  The Trustee substituted into the federal case for the purpose of obtaining a dismissal so the State Court Action could proceed, which occurred on December 11, 2018.

27.    Once the stay of the State Court Action was lifted, Charney filed a demurrer and a motion to strike, which was fully briefed and argued.  The State Court overruled in full the demurrer and denied the motion to strike in its entirety.  After the Trustee defeated the demurrer and motion to strike the Second Amended Complaint, the Trustee and Charney negotiated an extensive discovery schedule.  During the scheduling conference in the State Court Action, Charney raised - for the first time in 9 years since the State Court Action had been filed - his request to have the State Court Action arbitrated.  The State Court set a briefing schedule for Charney's motion to compel arbitration, and after full briefing and a hearing, on December 11, 2019, the State Court entered an order granting that motion in favor of arbitration under the terms of Charney's Employment Agreement.

28.    The Trustee petitioned for a writ of mandate on the ruling, which was denied in April 2020.  On April 10, 2020, the Trustee filed a *Demand for Arbitration* (the "Arbitration") pursuant to Rule 4 of the American Arbitration Association Employment Rules and Mediation Procedures (the "AAA").  The Arbitration is currently actively proceeding before the AAA.  At the risk of stating the obvious, the delays encountered by the Trustee in pursuing the Specified Causes of Action assigned to it were unexpected.

29.    For the reasons outlined above, the Trustee seeks an extension of the Termination Date so that the Litigation Trust can fulfill its duties in connection with the State Court Action and make any distributions as necessary to beneficiaries in accordance with the Plan.

## Relief Requested

30.    By this Motion, the Trustee seeks entry of an Order reopening the Debtors' bankruptcy case, extending the Termination Date of the Litigation Trust of the Debtors' estates for a period of five (5)[3] years, with the right of the Trustee to terminate the Litigation Trust earlier if all assets and all litigation has been concluded and all distributions made to the Beneficiaries.  Upon the entry of an order regarding the foregoing, the Litigation Trust requests that bankruptcy cases again be closed.

## Basis for the Requested Relief
## Reopening the Bankruptcy Case and Extending the Termination
## Date of the Litigation Trust

31.    Bankruptcy Code section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. §350(b).  At this juncture, the litigation of the State Court Action has taken longer than anyone expected by no fault of the Trustee.  Absent the reopening of the cases to allow for the extension of the current Termination Date of the Litigation Trust, the Trustee would no longer be able to participate State Court Action and potential assets will not be fully administered to the detriment of the Beneficiaries of the Litigation Trust, the former creditors and equity holders of the Debtors.

32.    At this juncture, the State Court Action is on track for AAA Arbitration, although there is no determinative time frame for the Arbitration.  In any event, it is unlikely that the State

---

[3] Nothing herein shall waive the Trustee's right under the Plan and the Litigation Trust Agreement to seek further extensions of the termination date of the Litigation Trust.

Court Action will be resolved and the assets, if any, distributed to beneficiaries before the Termination Date.

33.     Absent the re-opening of the Debtors' Bankruptcy Case and the extension of the current Termination Date of the Litigation Trust, the work completed to date by the Trustee will be lost and there will be no way to distribute proceeds, if any, from the Debtors' estate or the State Court Action to any of the Beneficiaries of the Litigation Trust, as there will be no vehicle through which such distribution can be made.

34.     Bankruptcy Rule 9006(b) permits the Court, in its discretion, to extend the Termination Date for cause, with or without motion or notice.   Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period prescribed or as extended by a previous order . . .

Red. R. Bankr. P. 9006(b)(1).  The Litigation Trust is making the request in this Motion before the current Termination Date, and, accordingly, this request complies with Bankruptcy Rule 9006(b)(1).

35.     Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 *Collier on Bankruptcy* (15 ed. Rev. 2008 at 9006-14).

36.     The requested extension is warranted by the facts and circumstances of this case as it is both (i) necessary and appropriate to allow the Litigation Trust to complete the recovery

PHIL1 9119035v.2

and liquidation, and (ii) expressly required by Article IV of the Litigation Trust Agreement, the terms of which were approved by the Court.  Moreover, cause exists as the Litigation Trust has made good faith progress in resolving a variety of complex issues with respect to the State Court Action and continues to engage in such efforts.  Rather than prejudicing Trust Beneficiaries, the requested extension will enable the Litigation Trust to continue to liquidate the Trust Assets in its efforts to maximize recoveries for the Trust Beneficiaries.  Notwithstanding the meaningful progress made to date, as noted above certain matters remain pending that need to be resolved to complete the liquidation of the Litigation Trust Assets.

37.    At this juncture, the Trustee believes that a three (3) year extension of the Termination Date should be sufficient time to bring the State Court Action to a close and make distributions, if any.  If this is not sufficient, the Trustee will seek a further extension from this Court in accordance with the terms of the Litigation Trust Agreement and the Plan.

## **CONCLUSION**

WHEREFORE, the Litigation Trust respectfully requests that this Court enter an Order in the form annexed hereto (i) reopening the debtors' bankruptcy proceedings, (ii) extending the termination date of the Litigation Trust, (iii) closing the debtors' bankruptcy proceedings and (iv) granting such other and further relief as is just and proper.

PHIL1 9119035v.2

Dated: September 21, 2020

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Richard M. Beck*

Richard M. Beck (DE Bar No. 3370)
Sally E. Veghte (DE Bar No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
Email: rbeck@klehr.com;
      sveghte@klehr.com

*Counsel to the Litigation Trust*